TEUTONIA INSURANCE COMPANY *v.* JOHNSON.

Opinion delivered December 5, 1903.

INSURANCE—FAILURE TO FURNISH PROOF OF LOSS—FORFEITURE.—Where a policy of fire insurance stipulated that the insured should, within sixty days after a fire, render a sworn statement to the insurance company showing the amount of the loss, etc., and subsequently provided that no suit on the policy should be sustainable until after full compliance

by the insured with all the foregoing requirements, a failure to furnish such proof of loss within the stipulated time operated as a forfeiture of the policy.

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*Rose, Hemingway & Rose* and *Campbell & Stevenson,* for appellant.

The policy was forfeited for failure to give notice and make proofs of loss within sixty days, as required by its conditions. 13 Am. & Eng. Enc. Law (2d Ed.), 327, 328, 335; 64 Ark. 593; 2 May, Ins. § 463; 7 Am. & Eng. Enc. Law, § 1043; 8 Wait's Act. & Def. 795; Wood, Fire Ins. § § 412, 437. The requirement of the policy as to the form and contents of the proofs of loss, as well as the time for their filing, must be complied with, unless waived. Wood, Ins. § § 411, 412, 414; 75 Pa. St. 378; 13 Am. & Eng. Enc. Law (2d Ed.), 327, 328, 330, 333, 335; 96 Ia. 39, 224; 3 Bush, 333; 24 Mo. App. 145; 75 Wis. 198. There was no waiver of these requirements. 66 Pa. St. 17. The policy was entire and indivisible, and the apportionment of separate amounts to different items or classes of property does not make it divisible. 63 Ark. 187; 52 Ark. 257. A waiver must be specially pleaded. 4 Joyce, Ins. § 3683; Kerr, Ins. 771; 58 Kan. 108; 47 Kan. 1; 96 Ia. 39; 43 Ia. 590; 74 Ia. 11; 36 N. Y. 280; 40 Ia. 442; 60 Ia. 267; 14 N. Y. 792. The false swearing of insured as to the time of the fire avoided the policy. 28 Mich. 398; 17 N. Y. 391. Also, the false swearing as to his interest in the property avoided said policy. 63 Ark. 187; 8 Cush. 127; 7 Allen, 239; Wood, Fire Ins. § § 155, 158, 159; 10 Cush. 444. Since the insurance was indivisible, the entire policy is void. 63 Ark 187; 52 Ark. 257; 111 Ind. 90; 123 Ind. 172.

*J. F. Summers,* for appellee R. L. Johnson.

Any insufficiency of notice was waived. 67 Ark. 588; 30 Am. Dec. 99; 67 Ark. 588. It not being so expressly stipulated, the

failure to furnish proofs of loss in sixty days did not work a forfeiture of the policy. 18 L. R. A. 85; 53 L. R. A. 70; 59 S. W. 863; 87 N. W. 13; 13 S. W. 882.

*Campbell & Stevenson,* and *Rose, Hemingway & Rose,* for appellant in reply.

By the terms of the contract of the parties, the furnishing of proofs of loss, in the prescribed form and time, was an imperative condition to liability upon the policy. 64 Ark. 593; 133 N. Y. 356; s. c. 31 N. E. 31; 49 Pac. 711, 713; 28 Pac. 469; 53 N. W. 463; 46 Atl. 1010; 21 S. W. 207; 98 Mass. 420, 424; 12 Allen, 535; 26 Oh. St. 348; 57 N. Y. 500; 64 N. Y. 162; 59 N. E. 818, 53 Mo. App. 98; 62 Mo. App. 620, 628; 33 Mo. App. 604, 672; 56 Mo. App. 343; 90 Mich. 302, 306; 36 Minn. 433; 101 Ill. 621; 57 N. W. 455.

*J. F. Summers,* for appellees, on motion for rehearing.

The policy is valid because the insurance company is estopped to deny that proofs of loss were filed within sixty days. 30 Am. Dec. 96, 102; 67 Ark. 587; 54 Ark. 494. Under a policy such as the one in this case, the failure to furnish proofs of loss within sixty days does not forfeit the policy, if they are in fact furnished at any time within the time for institution of suit, as provided in the policy. 52 L. R. A. 70, 71; 18 L. R. A. 85; 59 S. W. 863; 29 S. W. 313; 48 N. W. 296; 51 N. W. 524; 90 Mich. 302; 51 N. W. 524. Unless the furnishing of proofs within sixty days be expressly made a cause of forfeiture, the requirement will not be so construed. See cases *ante.*

*Rose, Hemingway & Rose,* and *Campbell & Stevenson,* for appellant in reply.

There is no estoppel as contended by appellee; nor was there any waiver of the time limit of sixty days. The cases cited by appellee on waiver and estoppel reviewed and distinguished. Even had the acceptance of the defective and partial proofs of loss been a waiver of their defects, such fact could not cure the subsequent forfeitures for failure to file *complete proofs* within sixty days and

for misrepresentation. 67 Ark. 588. By attempting to file complete proofs later, appellee abandoned the first and defective attempt. There is no waiver of the forfeiture for misrepresentation as to the date of the fire. 28 Am. & Eng. Enc. Law, 53. The appellee is concluded by reason of the failure to furnish proofs of loss within sixty days. The cases cited by appellee on this point reviewed, distinguished and criticised. In said cases there is no provision in the policy making the furnishing of proofs of loss within a given time a condition precedent to suit, as is the case in this policy. *Cf.* 111 Ga. 622, s. c. 52 L. R. A. 70; 84 Mich. 646; 59 S. W. 863; 29 S. W. 313; 48 N. W. 296, 297; 51 S. W. 524. The furnishing of proofs of loss within sixty days is in this case a condition precedent to recovery, and failure to comply therewith is as much a defense to the policy as if it were made an express ground of forfeiture. 64 Ark. 590, 593. See also 90 Mich. 302.

BUNN, C. J. The appellee, R. L. Johnson, being indebted to his co-appellee, the Riverside Lumber Company, in the sum of $470, evidenced by his promissory note of that date, bearing interest at the rate of 10 per centum per annum, to secure the payment of the same, executed and delivered to it his mortgage on his residence, of even date with said note, and as alleged agreed to keep said premises insured for the benefit of said Riverside Lumber Company accordingly as its interests might appear, but, failing for some reason to take out insurance at the time, the lumber company did so for its own protection. This insurance expired on the 16th day of April, 1899, and thereupon the lumber company requested Johnson to take out insurance on the mortgaged property for its protection as he had in the beginning agreed to do. Insurance was accordingly effected by Johnson in the month of August, 1899, but he failed to have the lumber company named as a beneficiary therein, according to the agreement. This is the insurance policy involved in this litigation. The amount of insurance named in the policy is $500, $100 of which is on the household goods, and $400 on the dwelling house. The house and household goods were totally destroyed by fire in the afternoon of the 31st of January, 1900, and on the 19th of February, 1900, the Riverside Lumber Company instituted this suit in the Woodruff chancery court.

The complaint contained a petition for restraining order, restraining the said Johnson from collecting and the said insurance company from paying over to him the insurance on said property, and the same was granted, and a restraining order issued. Prayer of the bill was for judgment against Johnson on his note, and direction to pay the insurance direct to said lumber company as its interest might appear, and for other relief. The defendants, Johnson and the Teutonia Insurance Company, answered; the insurance company on the 16th day of April, 1900, and Johnson on the 9th day of April, 1900, the latter asking damages for the issuance of the restraining order in the sum of $100, and praying that the cross bill of the insurance company be dismissed for want of equity, and for judgment against the insurance company for the amount of the policy.

The cross complaint of the insurance company sets up, among other things, that defendant Johnson failed to notify it of the time and circumstances of the fire in writing, as required by the conditions of the policy; that he, in his alleged proof of loss on the building made out on the 5th of April, 1900, falsely swore that the fire occurred on the 7th of February, 1900, when, in fact, it occurred on the 31st of January, 1900, as he well knew; that, had said false statement as to the date of the fire been true, his said proof of loss would have been made out and presented in time, but, being false, and the true date being the 31st January, 1900, as before stated, his said proof was not made out within the sixty days after the fire, as provided on the policy, and that such false swearing and delay in making the proof of loss, as well as failure to give notice of the occurrence of the fire in writing, with inventory, constituted breaches of the conditions of the policy, such as defeat the right of recovery thereon.

The answer of Johnson to the cross complaint of the insurance company admits the incorrectness of the date as named in his proof of loss, and that it should have been the 31st January, 1900, as claimed by the insurance company, but says that the error was a mistake on his part, and that it was not intentionally committed, and that it was immaterial in this, that he filed his proof of loss within the sixty days of the true date of the fire, to-wit: on the 13th day of March, 1900; and further he says that he was not required by the conditions of the policy to give notice of the

occurrence of the fire in writing, and that he gave all the notice required of him.

The evidence shows that a friend of Johnson's, at his instance, sent a postal card signed by himself to the local agent of the insurance company on which was stated that Johnson's house had burned up on the 31st January, or words to that effect, and this was sent by the local agent to the general agent at Little Rock; that Johnson sent an inventory of the personal property alleged to have been destroyed to the general agent at Little Rock, who, observing that the same was not in compliance with the conditions of the policy, sent him a blank form or forms upon which to make out his proof, expressly stating that he could do so if he desired. Johnson delayed making out his proof of loss until the 5th of April following, and then made out the same as to the house and on a separate sheet as to the personal property.

The conditions of the policy touching the questions involved are as follows, to-wit:

If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies; all changes in the title, use, occupation, location and possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire." Also the following: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." It is also provided that false swearing as to any of the matters involved will defeat recovery.

Upon the findings and evidence the chancellor found in general against the contentions of the insurance company, and rendered judgment against it, directing the payment of $200 to the

Riverside Lumber Company and $300 to Johnson of the insurance, and dismissed the cross bill of the insurance company.

The proof of loss, granting that the same was sufficient, was not made within the sixty days. This delinquency constitutes a bar to the action, and a breach of the conditions of the policy. The fire occurred on the 31st of January, 1900, and this suit was instituted on the 19th day of February, 1900. The courts cannot make contracts between parties, nor can the courts at all times determine what is material and what is not. These things are left to the parties to determine for themselves, as a general rule. We cannot also see the particular reason the parties have in mind when making their contracts. We construe the meaning of these contracts, when construction becomes necessary; but when undisputed conditions are made, we are bound by them as are the parties to such contracts. It appears to us that there was one or more plain breaches of the conditions of the policy, and that these breaches by the insured prevents his recovery thereon.

Reversed, and decree entered here for the appellant.

ON REHEARING.

Opinion delivered October 15, 1904.

BUNN, C. J. The opinion of this court on the original hearing sets forth the history and facts of the case. The main question raised on the motion for rehearing is whether or not a failure to present the proof of loss within sixty days from the date of the fire worked a forfeiture of the right to claim anything on the policy. In the original hearing this court held that it did; and the appellees, on their motion, contend that the failure to furnish the proof of loss prescribed did not work a forfeiture. Thus they say in the motion for new hearing:

"But we submit that the law is that in a policy of insurance like the one under consideration failure to furnish proofs within sixty days does not forfeit the policy, if proofs are furnished before the time provided in the policy in which an action may be brought." They cite as additional authorities *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, reported in 52 L. R. A. 70; and *Steele* v. *German Ins. Co.,* 93 Mich. 81, reported in 53 N. W. Rep. 514, and also in 18 L. R. A. 85.

In *Southern Fire Ins. Co.* v. *Knight, supra,* the Supreme Court of Georgia says: "The defendant (insurance company) contends that the failure on the part of the assured to furnish the proof of loss within the time specified in the policy precludes a recovery thereon. It has been often held, and may now be considered as settled law, that if there is an express stipulation in a policy of fire insurance that the furnishing of proofs of loss within a specified time shall be a condition precedent to a recovery, or that a failure to submit proofs within the time limited in the policy shall forfeit the same, such failure on the part of the insured will be fatal to his right to recover.  *  *  *  There is not in the policy involved in the present investigation either a stipulation that the furnishing of proofs of loss within sixty days shall be a condition precedent to a recovery, or that the failure so to do shall operate as a forfeiture of the policy.  While the decisions of the American courts are not entirely uniform on this question, the current of authority seems to be that, in absence of a stipulation providing that the furnishing of proofs within a designated time shall be a condition precedent to recovery, or that the failure to submit proofs within such time shall work a forfeiture of the policy, the failure so to do will operate simply to postpone the right of the insured to bring a suit until after he has furnished the proofs of loss required by the policy." Thus it will be. observed that in that case the right to recover is made to turn on the fact whether  or  not there is in a policy a stipulation making the furnishing of proofs of loss within a specified time either a condition precedent or declaratory of a forfeiture.  In that case there was no such stipulation, and of course the court, following  its  line  of  argument, could do nothing more than hold that the right of action was not barred, nor a forfeiture made.  Such furnishing of  proofs  was neither made a condition precedent nor worked a forfeiture by the language of the policy itself.

The case at bar, however, has such a stipulation, which is to the effect that no suit or action is sustainable on the policy until all conditions are complied with, one of which is that such proofs shall have been filed within the time prescribed.  This brings the case at bar within the general rule laid  down  by the Georgia Supreme Court, and that case, instead of being an authority in

support of the contention of appellees, is an authority directly in support of our decision of this case on the original hearing.

As to the case of *Steele* v. *German Insurance Co.*, 93 Mich. 81, cited by appellees, the point was as to the difference in the language of the policy involved therein, and that involved in the prior case in that court of *Gould* v. *Ins. Co.*, 90 Mich. 302. In the Gould case the court had held that there could be no recovery on the policy, because of the failure to furnish the proofs in the sixty days specified in the policy. Now, to get rid of this palpable obstacle in the Steele case, the court attempted to find a distinction between the language of the latter policy and that of the former case. The policy in the Gould case provided that no action could be sustainable unless the proofs had been furnished in the specified time, while the language in the Steele case then under consideration was "until after" proofs furnished, etc. It is needless to argue a question like this. Words and phrases of the kind have their meaning much in accordance with the connection in which they are employed. When one is considering, when about to bring a suit, whether or not his action is barred by reason of a breach of the conditions of the policy, he will not see any difference whether the word be "unless" or "until after," for in such a connection they mean the same thing—that, the proof having not been furnished within the specified time, his right of action in either case is cut off.

We deem it unnecessary to discuss the case of *Tubbs* v. *Insurance Company*, 84 Mich. 646, for the reason that the language of the policy in that case is unlike that in the case at bar, or that in the other two Michigan cases cited and referred to above. In the case at bar if it is at all necessary to make the statement, time is of the essence of the contract, because it is made so by express language of the contract. There is, of course, no waiver on the part of the insurance company. It is unnecessary to reopen the other questions.

Motion to rehear is overruled.

RIDDICK J. (dissenting). I regret that I am unable to concur in the opinion and judgment of the court in this case.

There is a provision in this policy which stipulates that in case of loss by fire the insured shall give immediate notice and furnish proofs of loss within sixty days, but there is no express

provision that a failure to furnish proofs of loss within the time required shall work a forfeiture of the policy. A consideration of the whole policy shows that it expressly provides that it shall be void if the insured has misrepresented his interest or any material fact, and that it also expressly provides, in a number of other contingencies, that the policy shall be void. The fact that the policy expressly provides in a number of contingencies for a forfeiture, but makes no such provision in reference to the failure to furnish proofs of loss within the time named, is significant, and tends to show that it was not the intention of the parties to this contract that such a failure should work a forfeiture.

But a majority of the judges were of the opinion that a subsequent provision in the policy rendered it void on account of a failure to furnish the proofs of loss within the sixty days named. That provision is as follows, towit: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months after the fire." I see nothing in this provision that avoids the policy if proofs of loss are not furnished within sixty days. The essence of this provision, so far as the question we are now considering is concerned, is that the action must be brought within twelve months after the fire, and that the proofs of loss must be furnished before the action is brought. We should keep in mind the rule that forfeitures are not favored, that the contract should be upheld rather than made void, if it can be done under any reasonable view of the language used, for the company has received its premiums for the insurance, and only a stern legal necessity will warrant a construction that will nullify the policy. Joyce on Insurance, 212, and cases cited.

Remembering that this policy was prepared by the insurance company, and that any reasonable doubt as to its meaning should be resolved in favor of the insured, I feel fully convinced that the failure to furnish proofs of loss within sixty days did not by the terms of this policy work a forfeiture of the rights of the assured. The language of the provision that no action shall be sustainable, "until after full compliance with all the foregoing requirements, nor unless commenced within twelve months after the fire," when taken in connection with other provisions of the

policy, means as before stated no more than that the action must be commenced within twelve months from the date of the loss, and that proofs of loss must be first furnished before the action can be maintained.

This view is sustained by a number of decisions by the courts of other states in reference to similar policies, of which I cite only a few: *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, 52 L. R. A. 70; *Steele* v. *German Ins. Co.* 93 Mich. 81, 18 L. R. A. 85, 53 N. W. 514; *Kenton Ins. Co.* v. *Downs,* 90 Ky. 236. See also Joyce on Insurance, § 3282, and cases cited.

It follows from what I have said that in my opinion the judgment against the insurance company in this case should be affirmed, and I feel therefore compelled to dissent from the judgment of reversal entered by the court.

WOOD, J., concurs in the dissenting opinion.