HOME INSURANCE COMPANY *v.* DRIVER.

Opinion delivered July 13, 1908.

1. FIRE INSURANCE—WARRANTY AS TO KEEPING BOOKS.—Evidence that the assured took a complete inventory of his goods and kept same until after the fire and produced it at the trial, and that he kept a memorandum book showing all credit sales and the amount of all cash sales, but that this book became worn out, and its contents were copied in full into another book which was produced at the trial, warranted a finding that the assured complied with the terms of the policy with reference to keeping books. (Page 172.)

2. SAME—WARRANTY AS TO INCUMBRANCES.—A warranty against incumbrances in a policy is not broken where the insured had mortgaged the property before taking out the insurance, but the mortgagee had released the lien; and it is immaterial that there was no consideration for the release if the mortgagee would have been estopped to plead such want of consideration. (Page 173.)

3. SAME—FAILURE TO FURNISH PROOF OF LOSS.—A failure to furnish proof of loss of the insured property as required by the terms of the policy amounts to a forfeiture, unless waived by the insurer. (Page 174.)

4. SAME—SUFFICIENCY OF PROOF OF LOSS.—A letter written by the insured to the insurer, giving notice of the loss and demanding payment of the full amount of the policy, will not be treated as a proof of loss where it does not purport to comply with the requirement of the policy in respect to proof of loss. (Page 174.)

Appeal from Madison Circuit Court; *J. S. Maples,* Judge; reversed.

*Harris & Ivie* and *C. P. Harnwell,* for appellant.

1. Appellee is not entitled to recover because of failure to comply with the terms of the policy requiring him to keep a set of books and an itemized inventory which would clearly show a complete record of the business transacted with reference to the property insured, including all purchases, sales and shipments, both for cash and credit.   53 Ark. 358; 58 Ark. 565; 1 May on Ins. § § 1, 5, 6, 7; 61 Ark. 207; 62 Ark. 43.

2. The policy was rendered void because the property insured was incumbered by a mortgage, which appellee failed to make known to the appellant in his application for insurance. The so-called oral release of the mortgage by Routh, president of the bank, was not binding, was without consideration and void. Appellee was not the unconditional owner of the property in-

sured, and the policy by its own terms is void. Story on Eq. Pl. § 797; 31 Ark. 730; 72 Ark. 47; 77 Ark. 57; 62 Ark. 348.

3. The policy is forfeited because of the failure of appellee to prepare and file with appellant within sixty day after the fire a proof of loss in accordance with the requirements of the policy. The so-called notice given is at most a mere notice that a fire had occurred; it is in no sense a proof of loss. 77 Ark. 484; 84 Ark. 224.

*Walker & Walker,* for appellee.

1. A substantial compliance with the "iron safe clause" of the policy with reference to keeping books, is sufficient under the statute. Kirby's Digest, § 4375a; 81 Ark. 92. And the evidence clearly shows a substantial compliance with the terms of the policy.

2. The mortgage incumbrance was released. The question whether or not the mortgage was released and as to the consideration therefor is not for the appellant to raise, but for the Madison County Bank.

3. Appellee by his notice served on the president of the company substantially complied with the terms of the policy with reference to proof of loss, etc., and that is sufficient under the statute. With full knowledge of the facts, appellant asked for no additional proof of loss, but offered to compromise.

McCULLOCH, J. This is an action to recover the amount of loss under a fire insurance policy issued by appellant company to appellee on his stock of merchandise situated at the village of Witter in Madison County. The policy is a standard form.

Appellant relies on three grounds of defense, viz.:

1st. A breach of warranty in the iron safe clause with reference to keeping a set of books and preserving the same in an iron safe or other safe place.

2nd. A breach of the warranty against incumbrances of the insured property.

3rd. Failure to furnish proof of loss within sixty days after the fire.

The evidence establishes the fact that the insured prop-

erty formerly composed a part of a stock of merchandise at Aurora, Arkansas, which appellee purchased and removed to Witter about two months before the issuance of the policy sued on. The policy was issued July 21, 1906, and the fire occurred in September of the same year. Appellee's book-keeper testified that when the goods were moved from Aurora to Witter an inventory of same was taken and items afterwards added thereto from time to time, as goods were purchased and placed in the store. He further testified that said inventory was a complete one of all goods placed in the store at Witter; and that he kept the same until after the fire and produced it at the trial. He testified that he kept a pocket memorandum book, which was preserved until after the fire, in which itemized accounts of all credit sales and the amount of each day's cash sales were kept. This book, it appears from the evidence, had become worn out from use after the fire, but its contents were copied in full into another book which was produced at the trial. This evidence, according to recent decisions of this court, warranted a finding by the jury that appellee had complied with the terms of the policy with reference to keeping books. *People's Fire Ins. Assn.* v. *Gorham,* 79 Ark. 160; *Security Mutual Ins. Co.* v. *Woodson,* 79 Ark. 266; *Ark. Mutual Fire Ins. Co.* v. *Stuckey,* 85 Ark. 33; *Arkansas Mutual Fire Ins. Co.* v. *McManus,* 86 Ark. 115.

It was not essential that the identical book of account should be presented at the trial. Preservation until after the fire and production on demand of the company was all that was required by the terms of the policy. *Pelican Ins. Co.* v. *Wilkerson,* 53 Ark. 353; *Ark. Mut. Fire Ins. Co.* v. *Woolverton,* 82 Ark. 476.

The record shows that the stock of merchandise at Aurora was mortgaged, with other property, to the Madison County Bank, and it is proved by oral testimony that when appellee moved the stock to Witter the bank, by oral agreement made by its president, consented to the removal and released it from the mortgage. Under this state of facts there was no breach in the warranty against incumbrances. No consideration for the release is shown to have passed from appellee to the bank, but that was not necessary. Appellee acted on the

agreement of release and removed the property, insured it as his own, free from incumbrance, and proceeded to dispose of it in the usual course of trade. The bank would have been estopped to plead want of consideration for the release, and the insurance company can not take advantage of it.

There is, however, no evidence whatever in the record that any proof of loss was furnished as required by the terms of the policy, or that the failure to do so was waived, and this is fatal to appellee's right to recover. *Teutonia Ins. Co.* v. *Johnson,* 72 Ark. 484; *Arkansas Mut. Fire Ins. Co.* v. *Clark,* 84 Ark. 224.

After the fire appellee wrote the company a letter, giving notice of the loss and demanding payment of the full amount of the policy; but this communication did not purport to be proof of loss in compliance with the terms of the policy, and the company made no response to it. We have held that where an incomplete proof of loss is accepted by the company without objection, or where all liability under the policy is denied, it amounts to a waiver of the requirement of proof of loss. *German Ins. Co.* v. *Gibson,* 53 Ark. 494; *Planters' Mutual Ins. Ass'n* v. *Hamilton,* 77 Ark. 27; *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475. In the opinion in the case last cited it said, quoting from a decision of the Supreme Court of Pennsylvania, that "if the insured in good faith and within the stipulated time does what he plainly intends as a compliance with the requirements of his policy in respect to proof of loss, good faith requires that the insurer shall promptly notify him of objections thereto, and mere silence may so mislead him to his disadvantage as to be of itself sufficient evidence of waiver by estoppel." *Gould* v. *Dwellinghouse Ins. Co.,* 134 Pa. St. 570. But in the present case appellee's letter is insufficient to manifest that it was intended as a compliance on his part with the requirement of the policy with respect to proof of loss. Therefore, the company was not called upon to treat it as such and point out objections to it. The company had the right to accept it and treat it as what it purported to be—a mere notice of loss and demand for payment.

Reversed and remanded for new trial.