COMMERCIAL FIRE INSURANCE COMPANY *v.* WALDRON.

Opinion delivered November 16, 1908.

1. INSURANCE—FAILURE TO FURNISH PROOF OF LOSS.—Where a policy of fire insurance provides that the insured, within a certain time after a fire, shall furnish proof of his loss as a condition of recovery, a failure to comply therewith operates as a forfeiture of the policy. (Page 122.)

2. SAME—WAIVER OF FORFEITURE.—A forfeiture of a fire insurance policy for failure of the insured to furnish proofs of loss within the stipulated time was not waived by a declaration by the insurer that the proofs would be useless if such declaration was not made until the time for furnishing such proofs had elapsed. (Page 123.)

Appeal from Lawrence Circuit Court; *Frederick D. Fulkerson,* Judge; reversed and dismissed.

On the 12th day of September, 1906, a policy of fire insurance was issued by the Commercial Fire Insurance Company in favor of J. D. Waldron. The property insured was a one-story frame house in the town of Portia, in Lawrence County, Arkansas; it was destroyed by fire on the 28th day of October, 1906, during the life of the policy.

On November 6, 1906, Waldron assigned his policy to C. W. Carter. On the 27th day of February, 1907, this suit was commenced by Waldron and Carter against the said insurance company to recover the amount of loss under said policy. The policy was made an exhibit to the complaint. The defendant answered and admitted the issuance of the policy sued on, but denied liability, averring among other things that by the terms of the policy itself there was a condition that a proof of loss should be filed with the company on or before thirty days after the fire occurred, and a failure on the part of the insured to comply with the condition.

There was a jury trial and a verdict for appellee. The insurance company has duly prosecuted an appeal to this court.

*C. P. Harnwell,* for appellant.

Under the terms of the policy it was necessary to furnish proof of loss within thirty days after the fire unless such time should be in writing extended by the company. This was not done, but on the contrary it appears in evidence that no proof of loss was given until December 14—more than forty-five days after the fire occurred. Such failure defeats recovery. 77 Ark. 84; 84 Ark. 224; 85 Ark. 337.

*W. A. Cunningham* and *W. P. Smith,* for appellees.

1. Rule IX of this court requires that the appellant's abstract shall set forth material parts of the pleadings, proceedings, facts and documents upon which he relies for a reversal. The judgment here should be affirmed for failure to comply with this rule, because appellant has not abstracted the complaint so as to give a clear understanding of the issues presented, nor does it sufficiently abstract the evidence, especially the testimony of witness Waldron, but purports to set out, not the substance of his testimony, but only *what appellant's attorney says it shows.*

No mention is made of his testimony in rebuttal. 80 Ark. 571; 75 Ark. 571; 73 Ark. 49; 76 Ark. 139; id. 217. Proof of loss was introduced in evidence, but there was no showing when it was made out, nor when received by the company, neither is it copied nor referred to in the bill of exceptions so as to identify it. The paper copied into the transcript, not being in any way identified, is not a part of the record, and cannot be considered here. 74 Ark. 90.

2. The company waived proof of loss by sending its adjuster to see appellee about the loss, after the fire, who made no objection as to proof of loss, and stated that the company would send another adjuster; and also by the letter of C. P. Harnwell denying any liability. 82 Ark. 235; 53 Ark. 494.

Hart, J., (after stating the facts). The court gave a peremptory instruction in favor of appellees, to which the appellant duly excepted. Counsel for appellant urge that the judgment be reversed because the court did not direct a verdict for it, basing their contention on the fact that the condition of the policy in regard to furnishing proof of loss was not complied with by the appellees.

The condition in the policy in regard to making proof of loss is exactly the same as the one set out in the case of *Teutonia Insurance Company* v. *Johnson,* 72 Ark. 484, except that in the present case the policy required the proof of loss to be filed within thirty days. In that case the failure on the part of the insured to comply with these requirements was held to be a breach of the condition of the policy and to constitute a bar to his action. This has become the settled rule in this State, and has since been applied in the following cases: *Arkansas Mutual Fire Insurance Co.* v. *Clark,* 84 Ark. 224; *Home Insurance Co.* v. *Driver,* 87 Ark. 171. Was the proof of loss furnished in time?

J. D. Waldron testified that a proof of loss was made out for him by T. J. Scott, but does not state the date of it. Scott testified that he made out a proof of loss for Waldron, but did not remember the date of it. We quote from his testimony as follows:

"Q. Just examine that and see if you made that out?" (Here attorney presents a paper to witness purporting to be the proof of loss.) (Witness examines it.) "Yes, I made that

out." "Did you send it to the company?" "I don't remember, sir, whether I did or gave it back to Mr. Waldron." "Well, look at that letter attached to it and see about it, that letter on the blue paper." (Witness does so.) "Well, I presume that I gave it back to Mr. Waldron. I did the writing for them, I know." "This was made out on December the 14th?" "Yes, sir."

We have copied this excerpt from Scott's testimony because the attorneys for appellees contend that the witness, when he said "it was made out December the 14th," was referring to a date on the blue paper, and not to the date of the proof of loss. He was a witness for the appellee, and was being examined by his attorneys. We think his response to the question asked shows that he referred to the date on which he prepared the proof of loss; and, the above being all the testimony on that question, we are of the opinion that there is no evidence that any proof of loss was furnished within the time required by the terms of the policy.

Counsel for appellee also contend that the insurance company waived the condition as to proof of loss because Mr. Harnwell, the attorney for the insurance company, returned the proof of loss, accompanying it with a letter denying liability. In support of their contention, they cite the cases of *Arkansas Mut. Fire Ins. Co.* v. *Witham,* 82 Ark. 235, and *German Insurance Co.* v. *Gibson,* 53 Ark. 494. The rule announced in the latter cases is well established, and the reason for it is that the insurance company is estopped by its conduct from setting up the forfeiture as a defense. If, during the time within which the insured may furnish the proof of loss under the terms of the policy, the company denied liability, the presentation of the proof of loss can serve no useful purpose. The rule does not apply to the facts in the present case. The letter in question was written by Mr. Harnwell on the 2d day of February, 1907, after the stipulated time for furnishing the proof of loss as provided by the policy.

After the time fixed by the policy for furnishing the proof of loss has expired and the forfeiture has occurred, the action of the insurer in denying liability works no prejudice on the insured. He is not misled, and his failure to present his proof of loss has not been occasioned thereby. This is in harmony with the reasoning of the court in the case of *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475.

Mr. Cooley says: "It is evident that under the principle that an implied waiver of notice or proofs must be based on estoppel, the denial must take place while it is yet possible for the insured to fulfill the conditions of the policy. When the denial of liability relied on as a declaration that the proofs would be useless, or that any defect therein would not be noted, occurred after the time for furnishing proofs had elapsed, it can not be maintained that the proofs would have been furnished or corrected had not such declarations been made. Cooley's Briefs on Insurance, vol. 4, p. 3537, and cases cited.

Counsel for appellees insist that counsel for appellant has not complied with rule 9 of this court in making his abstract. While the abstract does not set out the matters required by the rule in orderly sequence so as to be of the greatest assistance to the court as was contemplated by the rule, still it has sufficiently complied with it to give the court a full understanding of the question upon which this decision is based.

The judgment is therefore reversed, and the cause is dismissed.