CONCORDIA FIRE INSURANCE COMPANY *v.* WATERFORD.

Opinion delivered October 18, 1920.

1.  INSURANCE—LIMITATION OF TIME FOR PROOF OF LOSS.—A provision in a tornado insurance policy that no action shall be maintained thereon unless written notice of loss is given within fifteen days and proofs of damage within sixty days after the loss occurs, is reasonable.

2.  INSURANCE—FAILURE TO MAKE PROOF OF LOSS—EXCUSE.—The failure of members of a congregation to furnish notice and proofs of loss within the time required by the policy is excused where the member who procured the policy, and who alone knew of its existence, was killed in the storm which demolished the church, and the other members first learned of the policy when the safe was opened, more than sixty days after the loss.

3.  RELIGIOUS SOCIETIES—KNOWLEDGE OF MEMBER NOT IMPUTED TO CHURCH.—While the knowledge of the terms of a policy procured by a partner or agent in an ordinary business transaction is imputed to the copartners or to the principal, the knowledge of one

member of a church is not imputable to the other members of the church.

4.  INSURANCE—PROOFS OF LOSS.—Where insured notified the insurer of the loss whereupon the insurer denied any liability because the proofs of loss had not been made within sixty days of the loss, such denial was a waiver of the proofs of loss.

Appeal from Crittenden Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Hughes & Hughes,* for appellant.

These propositions are involved in this case:

1. The preliminary notice and proof of loss were not given or made within the time stipulated in the policy, and no action can be maintained.

2. The circumstances shown in the record do not excuse the failure to give notice and furnish proof of loss within the time specified; and,

3. There was no waiver of proof of loss. 72 Ark. 484-90; 17 L. R. A. (N. S.) 260; 72 S. W. 135; 18 L. R. A. (N. S.) 109; 14 *Id.* 503; 67 L. R. A. 275; 60 Atl. 1009; 88 Ark. 120; 4 Cooley's Briefs, p. 3531; 4 R. C. L., § 522; 64 Ark. 590; 77 *Id.* 41-51; 94 *Id.* 227, 235; 104 *Id.* 538.

*Berry & Wheeler,* for appellees.

Notice of loss was given in a reasonable time; if not, the delay was excusable and justifiable, and the letter of Nelson & Company was a waiver of proofs of loss. 34 Am. Rep. 323; 79 Am. Dec. 737; 53 Ark. 494; 13 Ann. Cas. 433; 69 S. E. 344; 150 S. W. 507; 121 *Id.* 785; 44 N. E. 660; 33 *Id.* 475; 37 *Id.* 639; 9 U. S. (Law. Ed.) 512.

HUMPHREYS, J.    This suit was instituted in the Crittenden Circuit Court by appellees against appellant to recover $1,000 for the destruction of their church building by a storm, upon an insurance policy issued by appellant to them on the 1st day of July, 1913, insuring appellees against loss to their church building by tornado, windstorm or cyclone.

Appellant denied liability under the policy for failure on the part of appellees to comply with provisions in the policy for notice and proofs of loss or damage.

The cause was submitted to the court, sitting as a jury, upon an agreed statement of facts, which resulted in findings and judgment for appellees for the amount of the policy, with interest thereon from August 13, 1916, the date of the loss.

The material facts necessary to a determination of the questions raised by the appeal are as follows: On July 1, 1913, appellant issued policy No. 316840 to appellees, an unincorporated association of persons, insuring them against loss to their church building against tornado, windstorm or cyclone. The policy was procured for the benefit of all the members of the congregation by William Wofford, with authority first given, who retained the custody thereof. He did not notify the other members of the congregation that he had secured the policy or acquaint them with its terms. The policy was in his safe and in force on the 13th day of August, 1916, when the church building was completely demolished in a windstorm, in which disaster William Wofford was killed. In order to open the safe, it was necessary to obtain the combination from the manufacturers, through correspondence. On November 3, 1916, soon after the combination was obtained, the secretary of the congregation notified the local agent of appellant of the loss, who in turn notified it thereof. Not hearing from appellant, on December 9th of the same year appellees' attorneys wrote the general agents of appellant concerning the matter and received the following response:

"Memphis, Tenn., Dec. 11, 1916.

"Messrs. Berry & Wheeler, Attys.

"Marion, Ark.

"Gentlemen: We own receipt of your courteous favor of the 9th inst., relative to tornado policy No. 316840. A condition precedent to a collection of an insurance ance policy in the State of Arkansas entails upon the insured the making of satisfactory proof of loss within sixty days of such loss, and failure to do so makes the policy null and void. No proofs of loss was made under

this policy, and, without waiving any of the company's rights, I will be glad to discuss the matter with you gentlemen any time either of you are in Memphis, and we could not make a waiver of any kind at all, but would be glad to submit to the company any proposition which you might have to make, and I hope to have the pleasure of seeing either one of you gentlemen along this line.

"With assurance of highest regards, beg to remain,

"Yours very truly,

"W. P. Nelson, President."

The church building was worth more than a thousand dollars. The policy provided that, as a condition precedent to the institution of a suit or action, the insured should give the insurer written notice of loss within fifteen days and proof of damage within sixty days after the loss occasioned by tornado, windstorm or cyclone.

It will be observed that, from the facts detailed above, neither the preliminary written notice within fifteen days thereafter nor the proofs of damage within sixty days thereafter were given or furnished appellant company. This court has held such provisions in policies to be reasonable and conditions precedent to a recovery upon the policy where specified in the policy, as in this, that no suit or action should be maintained thereon unless proofs of loss were made within the time fixed. *Teutonia Insurance Co.* v. *Johnson*, 72 Ark. 484; *Hope Spoke Company* v. *Maryland Casualty Company*, 102 Ark. 1; *Queen of Arkansas Insurance Co.* v. *Laster*, 108 Ark. 261. Appellees contend, however, that they are excused for noncompliance with this provision of the policy because they had no knowledge of the existence of the policy or its terms until more than sixty days after the loss or damage occurred. The rule contended for by appellees has been applied in accident policies where the insured, and in life policies where the beneficiary, was prevented from complying with the conditions in the policy upon the happening of events or circumstances making it impossible to comply with said conditions, and which circumstances or events were not traceable to the negligence of

the insured or beneficiary. We think the rule a salutary one, and should be extended to cases of this character. There are a few cases holding to the doctrine that the knowledge of one of a number of insured is the knowledge of all. And, under this doctrine of imputed knowledge, none are excused from giving the preliminary notice and rendering the proof of loss provided for in a policy of insurance on account of the one having actual knowledge of the existence of the policy and its terms meeting with an unforeseen casualty which prevented him from giving the notice or making the proof of loss. The rule thus announced has been limited in its application to partnerships, and ordinary business concerns acting through agents. *Deertrail Consolidated Mining Co.* v. *Maryland Casualty Co.* (Wash.), 67 L. R. A. 275; *Johnson* v. *Maryland Casualty Co.* (N. H.), 60 Atl. 1009. We think it would be carrying the doctrine of imputed knowledge too far to apply the rule to a church congregation. As a rule, the interest of each is so small that it might be called nominal, and, as a consequence, their business is not conducted in accordance with accurate business principles governing partnerships, corporations and individuals. We think the application of the doctrine invoked by appellant in the instant case would be a clear extension of the rule of imputed knowledge.

It is insisted by appellant, however, that appellee failed to make proofs of loss occasioned by the destruction of the property at all, and that, on that account, there can be no recovery. More than sixty days had elapsed before it was ascertained that the property destroyed by windstorm had been insured against such casualty. It was impossible for the insured to comply with the time requirement in making the proof after the existence and the terms of the policy were ascertained. Under the rule announced in the accident and life insurance cases referred to above on account of the casualty, the insured had a reasonable time after the discovery to give the written preliminary notice and make the proofs of

loss.   Within a few days after the discovery of the policy, written notice was given of the loss to the local agent, who, in turn, notified appellant.   Within about a month thereafter, the attorneys of appellees wrote the general agents of appellant in Memphis concerning the matter. The general agents notified appellee that the policy was null and void because the proof of loss had not been made within sixty days from the date thereof.   It was tantamount to saying to appellee that it (appellant) would not pay the insurance if proof of loss were made more than sixty days after the destruction of the property. This position constituted, in law, a waiver of such proofs. *German Ins. Co.* v. *Gibson,* 53 Ark. 494; *Phoenix Ins. Co* v. *Minner,* 64 Ark. 590.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J. (dissenting).   I can discover no sound reason for the distinction made by the majority in the application of the doctrine of agency between an ordinary partnership for business purposes and a religious association owning property in common or jointly. Where a church congregation delegates authority to one of its members to perform certain acts in regard to the joint property, it seems to me that the doctrine of implied knowledge applies the same as in any other instance of agency.   Moreover, there was no explicit denial of liability, so as to constitute a waiver of the requirement of proof of loss.   The letter of the general agent merely called the attention of the attorneys for the assured to the requirement in the policy which, if not performed, would make the policy void, but said agent expressly disclaimed any intention to waive anything and offered to submit to his company any proposition of the assured in regard to settlement,