Emma J. ROWE *v.* NATIONAL SECURITY FIRE AND CASUALTY COMPANY

CA 81-196                                        626 S.W. 2d 622

Court of Appeals of Arkansas
Opinion delivered January 20, 1982

*David Solomon,* for appellant.

*Douglas Anderson,* for appellee.

Tom Glaze, Judge. The issue in this appeal concerns the construction and application of a notice of loss clause contained in a low value dwelling fire insurance policy issued by appellee to appellant. Appellant, a resident of Michigan, purchased the policy to cover a rental house she owned in Helena, Arkansas. While the policy was still in effect, the rental house was totally destroyed by fire on April 29, 1980. On August 11, 1980, 104 days after the fire, appellant notified appellee of her loss, claiming she had no actual knowledge of the fire until this date. Appellee refused to pay because appellant failed to meet the terms of the fire policy which required her to immediately notify appellee after the fire loss and submit a proof of loss within sixty days.

After appellant filed suit, appellee moved for summary judgment, which was granted by the trial court. In granting judgment, the court found the insurance policy required appellant to furnish a written proof of loss within sixty days after the loss occurred, this requirement was reasonable and appellant failed to comply with this policy requirement.

On appeal, appellant contends the trial court erred in granting summary judgment since a genuine issue of a material fact existed. In construing the sixty day notice policy provision, appellant contends she had sixty days from the date she actually acquired knowledge of the fire loss to submit her proof of loss. If so, she argues the material fact that remains to be determined is: When did appellant receive actual notice of the fire.

We believe the position taken by appellant is supported

by the holding in *Concordia Fire Insurance v. Waterford,* 145 Ark. 420, 224 S.W. 953 (1920). In *Waterford,* the court was confronted with a casualty loss sustained by the insured, a church, which failed to timely notify the insurance company of the loss because church representatives were unaware of the existence of the insurance policy which had been previously issued that otherwise covered the loss in question. The court discussed the rules governing notice requirements under insurance policies which we believe apply to the facts at bar. In deciding in favor of the insured, the court accepted his contention, stating:

> It will be observed that, from the facts detailed above, neither the preliminary written notice within fifteen days thereafter nor the proof of damage within sixty days thereafter were given or furnished appellant company. This court has held such provisions in policies to be reasonable and conditions precedent to a recovery upon the policy where specified in the policy, as is this, that no suit or action should be maintained thereon unless proofs of loss were made within the time fixed. *Teutonia Insurance Co.* v. *Johnson,* 72 Ark. 484; *Hope Spoke Company* v. *Maryland Casualty Company,* 102 Ark. 1; *Queen of Arkansas Insurance Co.* v. *Laster,* 108 Ark. 261. Appellees contend, however, that they are excused for non-compliance with this provision of the policy because they had no knowledge of the existence of the policy or its terms until more than sixty days after the loss or damage occurred. *The rule contended for by appellees has been applied in accident policies where the insured, and in life policies where the beneficiary, was prevented from complying with the conditions in the policy upon the happening of events or circumstances making it impossible to comply with said conditions, and which circumstances or events were not traceable to the negligence of the insured or beneficiary.* [Emphasis supplied.]

In a later case, *National Mutual Casualty Company v. Cypret,* 207 Ark. 11, 179 S.W. 2d 161 (1944), the court held that notice under a liability policy was not required until after the insured "acquired knowledge" that the insured

property, an automobile, was stolen. Since the insured gave notice of loss within sixty days after it was learned the automobile was stolen, the court upheld the insured's recovery for the loss sustained under the insurance policy.

The decisions reached by the courts in *Waterford* and *Cypret* prompt us to conclude the trial court erred in dismissing appellant's action. If appellant, through no fault of her own, did not know her house had burned for more than sixty days after it occurred, she obviously would have been unable to comply with the notice requirement of the policy. Thus, two facts necessary for a decision in this cause have not been presented to or decided by the trial court, *viz.*, when did appellant receive knowledge of the fire loss and whether appellant's failure to comply with the notice requirements contained in the insurance policy was due or traceable to her own negligence. Since these questions have never been decided, we reverse and remand with directions to vacate the trial court's summary judgment and to proceed consistent with this opinion.

Reversed and remanded.