IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

**FLOYD CAMPBELL v. KEVIN MYERS, Warden**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14002     Robert L. Holloway, Judge**

**No. M2003-02084-CCA-R3-HC - Filed August 17, 2004**

This is a habeas corpus appeal. A jury convicted the petitioner of seven counts of rape of a child, one count of incest, and three counts of aggravated sexual battery. He received an effective sentence of twenty-two years incarceration. In April 2003, the petitioner submitted a *pro se* petition for habeas corpus relief, alleging the sentences for child rape committed in 1992 are illegal because the record is unclear as to whether these offenses were committed before or after July 1, 1992, the effective date of the child rape statute. The trial court dismissed the petition, and the petitioner appeals the dismissal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, SP. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Floyd Campbell, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted by a Cannon County jury of seven counts of child rape, one count of incest, and three counts of aggravated sexual battery. He received an effective sentence of twenty-two years at 100%, and, when the state agreed not to appeal from the imposition of concurrent sentences, the petitioner waived his right to a direct appeal. *See* Floyd Campbell v. State, No. M2001-00408-CCA-R3-PC, 2002 WL 970441, at *1 (Tenn. Crim. App. May 10, 2002), *perm. to app. denied* (Tenn. 2002). The petitioner subsequently sought post-conviction relief which was denied, and the denial was affirmed on appeal. *See id.*

Thereafter, the petitioner sought habeas corpus relief. He contends the trial court imposed illegal sentences in the child rape judgments because the record indicates the crimes may have occurred prior to the effective date of the statute. He further contends the date the offenses were alleged to have occurred was an essential element for any legal conviction under the child rape

statute; therefore, the state's failure to make reference to a date after July 1, 1992, in the various counts of the indictment renders the indictment constitutionally insufficient.

The petitioner's contentions take on significance because prior to July 1, 1992, the unlawful penetration of a child under thirteen years of age constituted aggravated rape. *See* Tenn. Code Ann. § 39-13-502(a)(4) (1991). For sentencing purposes, a standard offender convicted of aggravated rape prior to July 1, 1992, was eligible for release after serving 30% of the sentence. *See id.* § 40-35-501(c) (Supp. 1991). On the other hand, the unlawful penetration of a child under thirteen years of age from July 1, 1992, forward constitutes child rape, *see id.* § 39-13-522(a) (Supp. 1992), and the entire sentence must be served "undiminished by any sentence reduction credits," *see id.* § 39-13-523(b) (Supp. 1992).

## I. HABEAS CORPUS RELIEF

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The burden of showing that the judgment is "void" rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). That burden entails showing that the jurisdictional defect appears in the record, thereby creating a void judgment. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). A judgment that is merely "voidable" may not be reached under habeas corpus review. *Id.* Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001) (citing Tenn. Code Ann. § 29-21-109 (2000)). A voidable judgment, which is facially valid and requires proof beyond the face of the record to establish that it is void, may not be collaterally attacked by means of habeas corpus. Archer, 851 S.W.2d at 162.

The determination of whether habeas corpus relief is proper is a question of law; thus, this court affords the question *de novo* review with no presumption of correctness given to the trial court's rulings. McLaney, 59 S.W.3d at 92.

## A. Factual Background

The petitioner was convicted of seven counts of child rape, one count of incest, and three counts of aggravated sexual battery. Only the seven child rape convictions are at issue in this appeal. All child rape counts in the indictment alleged the petitioner violated "T.C.A. 39-13-522," which codifies the offense of child rape. The statute went into effect July 1, 1992. *See* 1992 Tenn. Public Acts, ch. 948, § 2.

Counts four, six, and eight of the indictment allege the unlawful penetration of a child less than thirteen years of age "in 1992" in violation of "T.C.A. 39-13-522." Counts ten, twelve, fourteen, and sixteen of the indictment allege the unlawful penetration of a child less than thirteen years of age "in 1993" in violation of "T.C.A. 39-13-522." The judgments for all child rape convictions state the offenses were committed in "1992-1993," in violation of "TCA#: 39-13-522."

## B. Analysis

In this case, counts four, six, and eight alleged offenses committed "in 1992." Thus, the time frame referenced in these indictments includes six months prior to the effective date of the child rape statute, as well as six months following the effective date of the statute. We note, however, that all counts alleged a violation of Tennessee Code Annotated section 39-13-522, as did each of the judgments of conviction. Thus, the petitioner was indicted for and convicted of child rape. The judgments are certainly not void on their face.

The only means by which the petitioner could demonstrate that one or more of these offenses were committed prior to July 1, 1992, would require an examination of the evidence introduced at trial via a trial transcript. Whether the offenses were committed after July 1, 1992, was a question that should have been determined by the jury, although we have no way of knowing whether the jury actually made such a determination due to the absence of the trial transcript from the record before us. Regardless, habeas corpus relief is unavailable under these circumstances because the court would be required to determine whether the evidence was sufficient beyond a reasonable doubt to establish that the offenses were committed on or after July 1, 1992. *See* Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (holding habeas corpus relief is not available to challenge the sufficiency of the evidence). Therefore, this case is distinguishable from McLaney, which involved habeas review of a pure question of law. *See* McLaney, 59 S.W.3d at 92. This issue is without merit.

We further note that counts ten, twelve, fourteen, and sixteen allege child rapes "in 1993." The child rape statute was in effect during the entire year 1993. The fact that the judgments recite the offense dates as "1992-1993" does not render the judgments void. Accordingly, we find the statute was correctly applied to the petitioner, and these four counts clearly cannot be the proper subject of habeas corpus relief.

## II. SUFFICIENCY OF THE INDICTMENT

The petitioner argues the trial court's application of Tennessee Code Annotated section 39-13-523 in sentencing amounts to adding a new "element" to the offense of child rape: the date on which the offense was committed. Because section 39-13-523 requires the sentencing court to impose service of a full sentence without any sentence credits only if the offense was committed on or after July 1, 1992, the petitioner contends the indictment was flawed as failing to provide the date of the offenses.

The date of the offense need not be stated in the indictment "unless the time is a material ingredient in the offense." Tenn. Code Ann. § 40-13-207. The date of the offense should be alleged if "the time is important to bring the offense within the operation of new or amended statutes." State v. West, 737 S.W.2d 790, 792 (Tenn. Crim. App. 1987) (quoting State v. Shaw, 113 Tenn. 536,

538, 82 S.W. 840 (1904)).  Counts ten, twelve, fourteen, and sixteen allege the offenses occurred "in 1993."  Since the child rape statute was in effect during the entire year of 1993, these counts are clearly not defective.  It may be that counts four, six, and eight alleging child rape "in 1992" were subject to challenge for failing to specify the offenses were committed on or after July 1, 1992.  However, the remedy for challenging a defective indictment, as opposed to one failing to vest jurisdiction or charge an offense, is a pre-trial motion to dismiss, *see* Tenn. R. Crim. P. 12(b)(2), not habeas corpus, *see* Wyatt v. State, 24 S.W.3d 319, 323 (Tenn. 2000).

Only a void indictment that does not vest jurisdiction in the court is subject to a habeas corpus challenge.  Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).  Thus, we proceed to examine counts four, six, and eight to determine whether they provide constitutionally sufficient notice of the offense of child rape.

An indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended . . . ."  Tenn. Code Ann. § 40-13-202.  To satisfy our constitutional notice requirements, an indictment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy.  State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).  An indictment need not conform to strict pleading requirements. *Id.*

The Tennessee Supreme Court continues to emphasize the relaxation of common law pleading requirements, as well as its reluctance to promote form over substance in examining the sufficiency of an indictment.  *See* State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000).  Indictments which satisfy the requirements for adequate notice to the defendant also satisfy constitutional and statutory requirements. *Id.*  For example, an indictment which refers to the statute defining the offense is sufficient both to provide a defendant with notice and to satisfy constitutional and statutory requirements.  State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000).  Furthermore, an indictment alleging all elements of an offense is sufficient even though it does not allege the specific theory upon which the prosecution intends to rely to prove each element.  State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. 1999).  Nevertheless, if an indictment is so defective as to fail to vest jurisdiction in the trial court, it is subject to habeas corpus relief.  *See* Dykes, 978 S.W.2d at 529.

The petitioner's argument is misplaced.  Three of the child rape counts at issue alleged commission "in 1992," and the other four child rape counts alleged commission "in 1993."  Each count further specified a violation of "T.C.A. 39-13-522," the child rape statute.  In our view, the various counts of the indictment were sufficient to put the petitioner on notice he was charged with child rape.

We conclude habeas corpus relief is not an available vehicle to challenge the petitioner's convictions.  Accordingly, we affirm the judgment of the trial court dismissing the petitioner's habeas corpus relief petition.

_____
JOE G. RILEY, SPECIAL JUDGE

-4-