McBRYDE v. SOUTH CAROLINA MUTUAL INS. CO.

1. Waiver—Insurance.—The doctrine of waiver as applied to old line insurance companies also applies to mutual insurance companies. *Mr. Justice Pope dissenting.*—*Joye v. S. C. Mutual Ins. Co.,* 54 S. C., 371, *affirmed.*

2. Ibid.—Ibid.—Proofs of Loss.—Failure of insurance company to request further proofs of loss, and contesting claim of loss on merits, is waiver of right to object to form of proofs of loss.

3. Insurance—Nonsuit.—Forfeiture should not be adjudged on motion of nonsuit under provisions of insurance policy against additional insurance at time of insurance, when the company has reputed notice of such insurance through its agent.

Before Townsend, J., Greenville, March, 1899. Reversed.

Action by Mrs. F. C. McBryde against South Carolina Mutual Insurance Co. From order of nonsuit, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites : *Nonsuit should not have been granted,* (a) *because of evidence of waiver:* 36 S. C., 273; 9 S. E. R., 233. (b) *because by-laws do not provide for forfeiture for defect in proofs of loss:* 102 Pa. St., 281; 13 S. W. R., 882; 14 S. E. R., 237; 51 S. C., 540; 96 U. S., 242. (c) *because plaintiff had no opportunity to offer proof of waiver:* 52 S. C., 224; 42 S. C., 14; 43 S. C., 26; 46 S. C., 546. *Policy not void because provision against other insurance was waived:* 52 S. C., 224; 36 S. C., 273; 48 S. C., 195; 51 S. C., 186; 27 Minn., 293; 18 Blach., 368; 9 W. R., 637. *Nonsuit should not have been granted, even if testimony tended to show a forfeiture:* 43 S. C., 26; 94 U. S. 574.

*Messrs. McCullough & Martin,* contra, cite : *Money for loss is not due under the contract until due notice and proofs of loss:* 54 S. C., 371; 10 C. C. A., 342. *Other insurance would ordinarily vitiate the policy:* 18 L. R. A., 496; 2

McM., 220. *All parol agreements were merged in written contract, and conversation between insured and agent of defendant cannot effect it:* 83 Fed. R., 406; 58 N. H., 414; 98 Pa., 42; 15 N. E. R., 895; 71 Mich., 414; 86 Ala., 424; 20 Ins. L. J., 353; 14 S. W. R., 1092; 13 S. E. R., 236; 9 Ala., 386; 48 S. C., 196.

July 21, 1899. The opinion of the Court was delivered by

Mr. Justice Gary. The defendant is a corporation chartered under the laws of this State for the purpose of conducting the business of fire and life insurance on the assessment plan. On the 20th of November, 1897, the defendant issued a policy of insurance to the plaintiff on her dwelling house, in the county of Abbeville, for $200, and on the 22d of December, 1897, it *insured* the said property in the additional sum of $200. The dwelling house was totally destroyed by fire on the 31st of December, 1897, and this action was brought to recover the said insurance. His Honor, the presiding Judge,granted an order of nonsuit on grounds which will be hereinafter mentioned.

The respondent's attorney virtually concedes in his argument, that if the rule laid down in the cases of *Sample* v. *Ins. Co.,* 42 S. C., 14; *Copeland v. West. As. Co.,* 43 S. C., 26; *Schroeder* v. *Ins. Co.,* 51 S. C., 180; and other recent cases as to waiver, were applicable to this case, the Circuit Judge erred in granting the nonsuit. In 16 A. & E. Enc. of Law, 17, 18, it is said: "The only distinction between contracts of mutual insurance and other insurance contracts, consists in the fact that the liquidation of those of the former class is made from a fund obtained by periodical tax upon the members at stated intervals, or as required, while in other cases the amount stipulated to be paid to the beneficiary is absolute, and dependent only upon the success of the business, and the ability of the insurer to pay the stipulated indemnity." In the same volume, at page 26, the following language from Bacon on Ben. Socs. and Life

Ins., section 78, is quoted with approval: "So far as corporations carrying on a life insurance business, either on the plan of annual, semi-annual or quarterly premiums, and the accumulation of a reserve fund, or upon the new assessment plan, where calls are made as necessity requires, monthly or less or more frequently, are concerned, it may be said that it is hard to conceive of any reason why such organizations should be governed by any rules different from those governing other corporations." Corporations carrying on the business of insurance on the assessment plan, or on the other plan just mentioned, have the same object in view—there is the same necessity for entrusting the conduct of the business to a certain number of persons, and there is no reason why a more favorable rule should prevail in behalf of those conducting business on the assessment plan, than those carrying on the business on a different plan. It is contended that a different rule was announced in the case of *Joye* v. *S. C. Mutual Ins. Co.,* 54 S. C., 371. In that case the plaintiff failed to pay the assessments ordered on the —— day of December, 1896, and on the 27th of January, 1897; she was notified on the 27th of February, 1897, that her policy was suspended for failure to pay the said assessments; the property was destroyed by fire on the 13th of March, 1897, and she did not forward the money to pay the assessments until after the fire. The 19th by-law was as follows: "All assessments must be paid within thirty days after written notice is mailed. If not paid, the policy shall be suspended, and be liable to assessment until the policy is properly cancelled. Suspended policies may be reinstated without extra cost by the assured paying back assessments, provided the property be in the same condition as when suspended." In that case the active energy of the policy had ceased to exist *by the operation of law,* in pursuance of the express language of the contract, and the destruction of the property by fire made it impossible for the plaintiff to be reinstated to membership, in so far as that property was concerned. All the testimony as to waiver related to facts occurring after

the property had been destroyed. Under these circumstances there was no foundation upon which waiver could be predicated. This principle is recognized in the case of *Carlson* v. *Sup. Council, &c.,* 35 L. R. A. (Cal.), 643, the syllabus of which is as follows: "1. The right to reinstatement within a certain period, upon payment of accrued assessments after the forfeiture of membership in a mutual benefit society, which takes place *eo instanti* by operation of law, and without notice under the terms of the contract, upon non-payment of assessments, is terminated by the death of the member without such payment during the time allowed for reinstatement; and a tender of the assessments made within that period by the beneficiary is unavailing. 2. A benefit society does not waive a forfeiture for non-payment of assessments, by making further assessments and giving notice thereof within the period during which the insured has a right to reinstatement upon making payment of all accrued assessments." The case of *Joye* v. *Mutual Ins. Co.* is not inconsistent with the case hereinbefore mentioned, and its doctrine is affirmed.

The first ground upon which the nonsuit was granted is as follows: "The plaintiff's evidence shows that the proofs of loss were not accompanied with certificate of the nearest magistrate or notary public as to correctness of same, as provided for by by-law No. 17." The plaintiff furnished proofs of loss, to which the defendant made no objection. By-law No. 17 is as follows: "In case of loss, the policy-holder shall make proof of same upon blanks adopted and furnished by the company, with certificate of the nearest magistrate or notary public as to the correctness of same * * * ." It is to be construed in connection with the following provisions of the policy: "6. All persons insured by this company, sustaining any loss or damage by fire, wind or lightning, shall immediately give notice to the company that such loss or damage has occurred, and shall deliver in as particular an account of their loss or damage as the nature of the case will admit, and make proof of the same

by their declaration and such other proper evidence as the directors of this company may reasonably require, and if there appear fraud or false declaring in support of such claim, before or after loss, then the claimant shall forfeit all benefit under the policy. Payment of any loss or damage shall be due within sixty days after satisfactory proof thereof shall have been made to the company." As the directors of the company did not object to the proofs of loss, the plaintiff had the right to assume that they were satisfactory to the directors, and she was not compelled to furnish "other proper evidence," in the absence of a request to that effect. Furthermore, the defendant by contesting the case upon the merits waived the right to object to the proofs of loss.

The second ground upon which the nonsuit was granted is as follows: "That said policy sued on was void, because at the time said policy was alleged to have been issued, there was other insurance on the property alleged to have been insured, in violation of said contract." In the case of *Copeland* v. *West As. Co.,* hereinbefore mentioned, the Court says: "The following rules are deduced from the authorities: 1. That where defendant claims that the plaintiff has no right of recovery on the policy of insurance, by the reason of the fact that he failed to comply with the requirements of the policy, such objection must be set up in his answer to the complaint. 2. That where the defendant sets up a defense in his answer that the plaintiff is barred of his right of recovery on the policy of insurance by reason of his failure to perform certain things therein required to be done on his part, it is not incumbent on the plaintiff to introduce testimony showing such performances by him, and consequently a failure to introduce such testimony does not entitle a defendant to an order of nonsuit. 3. That where the defendant sets up such defense in his answer, and the facts brought out during the introduction of plaintiff's testimony in chief show that there has not been performance by the plaintiff of such requirements of the policy, still the de-

38—55

fendant would not be entitled to an order of nonsuit, because such order would deprive the plaintiff of his right to show waiver or estoppel on the part of the defendant to make such objection." These principles have been affirmed in several subsequent cases. Furthermore, the soliciting agent of the defendant was informed when the application was made for the insurance that there was other insurance on the property, and this was notice to the principal. *Am. Co.* v. *Felder*, 44 S. C., 478. As the defendant had imputed notice through its agent that there was other insurance on the property, it would work a great hardship on the plaintiff, to use no stronger expression, for the defendant to claim a forfeiture on this count. *Gandy* v. *Ins. Co.*, 52 S. C., 224.

The Circuit Judge was in error in granting the nonsuit, and the case must be remanded for a new trial.

Mr. JUSTICE POPE. While I concur generally, it is with the reservation that I am not prepared to accept the view that practically no difference exists between old line insurance companies and mutual insurance companies.