## 10504

### WARD v. PACIFIC FIRE INSURANCE CO.

#### (104 S. E. 316.)

1. WITNESSES—LETTER FROM INSURER TO AGENT NOT PRIVILEGED COMMUNICATION.—Where insured went to agent and dictated letter concerning burning of building, and the agent forwarded the letter, together with a letter of his own, to the insurer, a letter in reply to the agent, which was shown to the insured, was not a confidential or privileged communication, and was properly admitted in evidence in an action to recover on the policy.

2. INSURANCE — AUTHORITY OF INSURANCE AGENT PRESUMED TO CONTINUE.—The authority of an insurance agent will be presumed to continue until notice to the contrary is brought home to those who have dealt with him.

3. INSURANCE—DENIAL OF LIABILITY, WAIVER OF PROOF OF LOSS.—When a fire insurance company denies liability under its policy it waives its right to proof of loss as required by its policy.

4. INSURANCE—SILENCE WARRANTED INSURED IN BELIEVING THAT LIABILITY WAS DENIED AND THAT PROOF OF LOSS WAS WAIVED.—Silence of fire insurance company, after being notified by letter of a loss, *held,* under the circumstances, to clearly warrant the inference that liability was and would be denied, and insured was warranted in so believing and in acting accordingly and failing to furnish proofs of loss as required in the policy, since the company in fairness should have notified plaintiff that he must furnish proof if it intended to pay the loss.

5. INSURANCE—FORFEITURES FROWNED UPON.—The Courts are generally inclined to hold a fire insurer to the performance of his contract and to prevent, as far as it can be done, in reason and justice, an unfair reliance on his part upon technical conditions of the contract to defeat it, because the Courts lean against forfeitures.

Before WILSON, J., Horry, November, 1917.    Affirmed.

Action by R. V. Ward against Pacific Fire Insurance Company on a policy of fire insurance. From judgment for plaintiff, the defendant appeals.

*Messrs. H. H. Woodward* and *Barron, McKay, Frierson & McCants,* for appellant, cite: *Letters written by agent to company and company's reply seen by assured long after*

*time for filing proofs of loss had expired could not operate as waiver by company of requirement that proofs of loss be filed:* 90 U. S. 326; 24 L. Ed. 387; 56 Am. St. Rep. 481; 112 Am. St. Rep. 232-236; 20 Am. St. Rep. 809; 19 Am. St. Rep. 716, 721; 27 S. E. 779; 38 Atl. 320; 71 Pac. 272; 4 So. 62; 80 Am. Dec. 197; 11 Am. St. Rep. 67; 54 S. C. 602; 78 S. C. 433, 444; 78 S. C. 388, 396. *Provision as to filing proof of loss must be complied with:* 98 S. C. 244, 259.

*Messrs. R. B. Scarborough* and *W. F. Stackhouse,* for respondent, cite: *Presumption of continuing agency:* 51 S. C. 540. *Agent may waive:* 75 S. C. 225; 83 S. C. 13; 70 S. C. 295.

*Mr. Cordie Page,* of counsel for respondent, cites: *Letters between agent and company were not privileged communications:* 40 Cyc. 2353; Greenleaf Evid. (16th Ed.), sec. 248, p. 386; 151 U. S. 607; *and were properly submitted to jury:* 57 S. C. 358; 35 S. E. 572; 74 S. C. 466; 55 S. E. 122. *Refusal by company to pay amounted to waiver of requirement as to formal proof of loss:* 2 McMull. 237; 29 S. C. 560; 8 S. E. 27; 70 S. C. 295; 49 S. E. 855. *Nonsuit would have been improper:* 42 S. C. 14; 19 S. E. 1020; 70 S. C. 16; 48 S. E. 608; 43 S. C. 26; 20 S. E. 754; 46 S. C. 541; 24 S. E. 500; 70 S. C. 75; 49 S. E. 4. *Retention of papers filed as proof of loss without objection waives formal proof:* 57 S. C. 589; 33 S. E. 729; 51 S. C. 540; 29 S. E. 245; 80 S. C. 392; 61 S. E. 905; 98 S. C. 244; 82 S. E. 904. *Agency and waiver was for jury:* 96 S. C. 375; 80 S. E. 613; 100 S. C. 162; 84 S. E. 535. *Acts of agent binding:* 60 Ark. 539; 31 S. W. 265. *Moore was agent:* 1 Civ. Code 1912, sec. 2712; 51 S. C. 544; 29 S. E. 245. *Waiver:* L. R. A. 1916b, 1189; 80 S. C. 392.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff on a policy insuring plaintiff against loss of his house by fire. The policy contained the usual provisions that in case of loss, the insured should give the company immediate notice and, within 60 days after the fire, furnish proofs of loss as therein stipulated, that the loss should not be payable until 60 days after proofs of loss had been furnished, and that no action should be brought, until after compliance with said requirements. It contained also the usual provision against waiver of said provisions by the company's agents Plaintiff's house was totally destroyed by fire on March 31 1916, while the policy was in force. Within three days, plaintiff telephoned to Thompson, who had been defendant's agent at Little River, who solicited the policy and through whom it was issued by the company, and told him of the loss, and requested him to notify the company, which he promised to do. Thereafter, on May 6th, Thompson went to see plaintiff, who asked him what steps he should take to get payment of the loss. Thompson dictated a letter to himself as agent of defendant, and told plaintiff to have it typewritten, sign it, and send it to him, which was done. Plaintiff says Thompson told him that was all that it would be necessary for him to do. Plaintiff's letter to Thompson reads:

"Dear Sir: Please forward me a check for my insurance of $1,000 on building burned March 31, 1916, carried by policy No. 364480 by Pacific Fire Insurance Company of New York."

On May 8th, Thompson wrote the company as follows:

"Gentlemen: Please find inclosed letter from R. V. Ward to me demanding his money for building burned March 31st,

last, covered by policy No. 364480, dated May 8, 1915, expires May 8, 1916."

This letter was signed by Thompson, who added after his signature the words, "Retired Agent," and a copy of it was sent to plaintiff, and received by him on May 11th. Plaintiff testified that the words "retired agent," after Thompson's signature, was the first intimation he had that Thompson was no longer the company's agent.

The company did not answer either plaintiff's or Thompson's letter. After waiting a reasonable time and failing to get any response to his letter, plaintiff again saw Thompson, who told him that he had not heard from the company. In the meantime, an inspector had been sent to investigate the fire; and plaintiff had been told that the inspector had said that no claim would ever be put in for the loss, for, if it was, plaintiff would be put in the penitentiary for burning the house. He informed Thompson of this, and said to him: "I am going to sue them," and Thompson replied, "That is right; put it to them."

Plaintiff then employed his attorney, who advised him to take the matter up with defendant's agent at Conway. That agent wrote the company on July 21st, as follows:

"Gentlemen: R. V. Ward, of Little River, S. C., holder of policy No. 364480, was in to see me in regard to a loss which he said occurred about March 31st. He had come here to consult an attorney and his attorney advised him to take it up with me. I advised him that, as the policy was written by an agent at Little River, I was not in position to advise him in any respect, as I was not familiar with the details of the affair. He stated that he only wanted to know if the loss had been reported and was being adjusted. I told him that I would communicate with the home office, and see if there was any information you would care to impart as to the status of the matter.

"If I can assist you in any way, I will be glad to do so, and, at the same time, I wish to say that he has employed an

attorney, and naturally I wanted to let you know what the situation was on this end."

The company replied, on July 28th, as follows:

"Gentlemen: Policy No. 364480—R. V. Ward. We have for acknowledgment your favor of the 21st inst. under above loss, and beg to advise that the matter has had our attention."

There was on the letter a pencil notation, "Having attention," which was put there inferentially by some one in defendant's home office, before it was sent to the agent at Conway. These letters were shown to plaintiff by defendant's agent at Conway.

The action was commenced in January, 1917. Defendant denied liability generally, and specifically on the ground that proof of loss had not been furnished, as required by the policy, and on the ground that the hazard had been increased by the manner in which a flue had been built, contrary to the provisions of the policy, and on the ground that plaintiff burnt the house, or had it done. At the trial, defendant tried to prove that plaintiff set fire to the house, or had it done. But the testimony was insufficient to warrant such an inference.

The exceptions present three assignments of error: (1) In admitting in evidence the letter written to defendant by its agent at Conway, and defendant's reply thereto; (2) in refusing defendant's motion for a directed verdict on the ground that plaintiff had not filed proof of loss within the time required by the policy; and (3) in submitting to the jury the question of Thompson's agency and plaintiff's right to rely upon his conduct as such prior to May 11th, when plaintiff first received notice that he was not defendant's agent.

·The first exception is based upon the ground that the letters were confidential communications between defendant and its agent. That ground is untenable. The letters were not privileged communications. The agent's letter to defendant was written at the request of plaintiff, and defendant was so advised, and both had been exhibited to the plaintiff by the agent.

The third exception is equally untenable. The rule is well settled that the authority of an agent will be presumed to continue until notice to the contrary is brought home to those who have dealt with him. *Wilson v. Commercial Assurance Co.,* 51 S. C. 540, 29 S. E. 245, 64 Am. St. Rep. 700.

The case last cited in effect decides the second exception against the appellant, for it holds that when the company denies liability under its policy, it waives its right to proof of loss, as required by the policy, and in *McBryde·v. Ins. Co.,* 55 S. C. 589, 33 S. E. 729, 74 Am. St. Rep. 769, it was held that when the company contests the case on its merits, it waives the right to object that proofs of loss have not been furnished. It may be that, if the objection was raised at the proper time and in the proper way, it might be set up either as a sole defense, or along with other defenses on the merits. But the authorities generally agree that a denial of liability will preclude the necessity of furnishing proofs of loss, as required in the policy.

While there was no express or unequivocal denial of liability during the period of time prescribed in the policy within which proofs of loss were to be and might have been furnished, yet defendant's silence, in the light of facts and circumstances, clearly warranted the inference that liability was and would be denied, as it was in fact denied, and plaintiff was warranted in so believing and in acting accordingly. He did what defendant's agent told him to do, and defendant's agent told him that he need do nothing more. The company received the notice of loss

in due time, and, in fairness, it should have notified plaintiff that he must furnish proofs of loss, as required by the policy, if it intended to pay the loss. But it cannot be allowed by its own conduct and the conduct of its agent to lull the plaintiff into inaction, and then assert his inaction as a ground of defense.

The Courts are generally inclined to hold the insurer to the performance of his contract, and to prevent, as far as it can be done, in reason and justice, an unfair reliance on his part upon technical conditions of the contract to defeat it, because the Courts lean against forfeitures.

In respect of such conditions, a law of waiver or estoppel, which may be said to be peculiar to insurance contracts, has grown up. If and when they are of substantial merit, they will be enforced; but the Courts are not inclined to allow them to operate merely as snares for the unwary.

Judgment affirmed.