Brotherhood of Railroad Trainmen *v.* Drake.

4-6863 165 S. W. 2d 947

Opinion delivered November 23, 1942.

*E. W. Brockman, Mike Danaher* and *Palmer Danaher,* for appellant.

*Bridges, Bridges & Young* and *Henry W. Gregory, Jr.,* for appellee.

McHANEY, J. Appellee is the named beneficiary in a health and accident policy issued by appellants to her husband, Mack E. Drake. The policy was for $2,000 and insured him against loss of life, limb, sight or time resulting from purely accidental means and against loss of time from disease. One of its provisions was: "If the member shall, through accidental means, sustain bodily injuries as described in the insuring clause, which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the member from the date of the accident or within ten days therefrom and result in any of the following specific losses within ninety days from the date of such accident, the brotherhood will pay the following amounts, to-wit:

"For loss of Life—The principal sum, and in addition, the monthly benefit for the period between date of accident and date of death."

Another provision of the policy, relating to notice is: "(4) Written notice of injury or of sickness on which

claim may be based must be given to the brotherhood within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. . . . (5) Such notice given by or on behalf of the member or beneficiary, as the case may be, to the brotherhood at its home office in Cleveland, Ohio, or to any authorized representative of the brotherhood, with particulars sufficient to identify the member, shall be deemed to be notice to the Brotherhood. Failure to give notice within the time provided in this certificate shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.''

Based on said policy, appellee brought this action to recover the principal sum and alleged that on January 15, 1941, her husband, the said Mack E. Drake, while performing his duties as a conductor for the St. Louis-Southwestern Railroad Company, was struck by moving freight cars, through purely accidental means, which, independently and exclusively of disease and all other causes, immediately, continuously and wholly disabled him within the meaning of part one of the policy from the date of the accident, or within ten days therefrom, and resulted in his death on February 14, 1941.

She prayed judgment for $2,000 on account of the death of insured, $80 as monthly benefit from date of accident to death, and $100 additional death benefit by reason of part three of the policy, or a total of $2,180. The answer was a general denial, but by amendment, it admitted appellee was entitled to receive $13.33 as compensation for loss of time due to illness, which amount was tendered.

Trial resulted in a verdict and judgment for $2,100 against appellant, from which is this appeal.

Under the undisputed facts presented by this record, appellee was confronted by two insurmountable obstacles the existence of either of which prevented a recovery by her, and entitled appellants to an instructed verdict in their favor. One is the failure to give the written notice

of the alleged accidental injury suffered by deceased within the time required by the policy. The other is that deceased was not disabled as defined in the clause above quoted "from the date of the accident nor within ten days therefrom."

As to the first proposition, it is claimed that Mr. Drake was struck and injured by moving cars on the night of January 15, 1941, at about 1:30 a. m. No one saw the accident, but we assume for the purpose of this opinion, that the evidence as to his having received an accidental injury at that time was sufficient to take the question to the jury. But it is undisputed that shortly thereafter he left on his run as conductor of a freight train and performed all his duties as such to the satisfaction of his employer, and that he continued to make all his runs and to perform all his duties until February 3, his last run being completed on February 2. One of the brakemen of the last run Drake made, G. B. Fountain, testified that he was able on that trip, from Pine Bluff to Jonesboro and return, to perform all his duties as conductor in the regular and usual manner, looking after the placing or setting out of cars. The railroad records showed that from January 15 to February 2, 1941, he made ten round trips out on the road, working eighteen days. On February 7, 1941, he mailed a card to appellants postmarked that date, intended as a claim for disability in which he gave his name, address and lodge number. In answer to the question "Was disability due to accident?" he answered "No." The questions following, calling for "date of accident" and "nature of injury," were left blank. All other questions on the card were left blank and unanswered, including one relating to whether disability was due to illness, except the questions, "When did you quit work?" the answer being, "2 months 2 date 7:30 a. m." and some others, not material here.

The policy requires notice of accident to be given within twenty days after the accident and none was given within that time. It is further provided that: "Failure to give notice within the time provided . . . shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that

notice was given as soon as was reasonably possible.'' We do not think this clause helps appellee for two reasons: (1) that he worked for 18 days continuously from the date of the alleged accident, during which time he could have given the notice, and (2) he did actually give notice of disability not due to accident and must have been because of illness, although he failed to say so, as the policy covered only disability for accident and for illness. In said notice he very definitely stated that his disability was not due to accident; therefore, it must have been for illness. So, appellee wholly failed to show that it was not reasonably possible to give such notice and that same was given as soon as was reasonably possible. In *Business Men's Assurance Co.* v. *Selvidge,* 187 Ark. 1040, 63 S. W. 2d 640, we said: ''It is well settled that stipulations as to giving notice in policies of this character are reasonable and valid, and that where a written notice is required an oral notice is not sufficient. Also, that these provisions are for the purpose of giving opportunity for an early investigation of claim and injury.''

As to the second proposition, the policy provides, as above quoted, that if the member shall suffer bodily injuries through accident, ''which shall . . . immediately, continuously and wholly disable the member from the date of the accident or within ten days therefrom and result in any of the following specific losses, etc.'' Again assuming an accidental injury which he himself denied in writing, it is perfectly obvious and undisputed that Mr. Drake was neither immediately, continuously nor wholly disabled ''from the date of the accident nor within ten days therefrom,'' and, therefore, if his death on February 14 was the result of the alleged accident, it was not covered by the clear and unambiguous language of the policy. He was not disabled, as provided, either from the date of the accident nor within ten days thereof, but, on the contrary, as stated above, he went out right away on his run and worked every day from January 15 to February 2, both inclusive. It is difficult to understand how a man can be totally and permanently disabled, and yet perform all the material and substantial duties of his work. In this respect, this case differs from *Mut.*

*Ben. Health & Acc. Assoc.* v. *Bird,* 185 Ark. 445, 47 S. W. 2d 812, and other cases cited and relied on by appellee.

For either or both reasons, the learned trial court should have directed a verdict for appellant. Not having done so, the judgment is reversed and, as the case appears to have been fully developed, it will be dismissed, except that since appellant admitted it owed appellee $13.33, judgment for this amount will be awarded here.