AMERICAN FIDELITY FIRE INS. CO. *v.* WINFIELD.

5-688                                                    279 S. W. 2d 836

Opinion delivered May 30, 1955.

[Rehearing denied June 27, 1955.]

*E. J. Butler,* for appellant.

*Fletcher Long,* for appellee.

ROBINSON, J. This is a suit brought by appellee Ethel Lee Winfield against appellant American Fidelity Fire Insurance Company to collect on a policy of fire insurance covering an automobile which was destroyed by fire.

The insurance company contends that notice and proof of loss were not given according to the terms of the policy. The cause was tried before the court sitting as a jury and there was a judgment for the policyholder in the sum of $700.00. It is further maintained by appellant that the judgment is excessive.

Appellee lives on a farm, owned by C. B. Walker, which is about one and a half miles south of Whitmore, Arkansas. In July of 1952, she bought an automobile from the McCall Chevrolet Company in West Memphis. The purchase was financed through the Mid-Continent Finance Company, and that company procured the policy of insurance. Appellee never had any contact with the insurance company except through the finance company, and the policy was sent to her by the finance company. For its services in connection with the sale of the policy, the finance company was paid a portion of the premium by the insurance company.

On the 4th day of July, 1953, Walker, appellee's landlord, borrowed her car to go down in the fields to inspect his crops. While on this trip the car caught fire and was destroyed. Mr. Walker, in behalf of appellee, undertook to notify the insurance company of the loss. He wrote to the finance company from whom appellee had received the policy in the first instance. Receipt of this letter was acknowledged. It appears from the evidence that he also wrote to the insurance company by sending a letter in accordance with the terms of the policy to the Central States Insurance Agency, 1 Brentwood Street, Clayton, Missouri. In this letter he requested that forms be furnished to make proof of loss. Although the insurance company contends this letter was not received, it was never returned to the sender.

Where a letter is properly mailed, it is presumed that it is received by the party to whom it was addressed, and that it reached him in due course of mail. *Southern Engine & Boiler Works* v. *Vaughan*, 98 Ark. 388, 135 S. W. 913; Ann. Cas. 1912D, 1062.

In *Travelers Insurance Company* v. *Thompson*, 193 Ark. 332, 99 S. W. 2d 254, this Court quoted from the Southern Engine & Boiler Works case as follows: " 'This presumption could be rebutted by testimony that it was not in fact received, but the positive denial by plaintiff that same was received would not be sufficient, as a matter of law, to nullify the presumption of its receipt. Such testimony simply left the question as to the receipt of the letter for the determination of the jury under all the testimony adduced at the trial.' "

Walker testified to the effect that he properly mailed the notice in accordance with the terms of the policy. This testimony, coupled with the presumption that it was received by the addressee, constitutes substantial evidence to sustain the court's finding that the notice was in fact received by the company.

It being determined that the company received notice of the loss, the next question that arises is: Did the insurance company's failure to acknowledge receipt of the notice of loss relieve the policyholder from furnishing proof of loss within the 60-day period provided by the policy?

When appellee received no reply to the letter written to the insurance company, she engaged an attorney to look after her interests. The attorney wrote to the insurance company at 7 Brentwood Street, Clayton, Missouri, the address given as the office of the insurance company's agent, but the name of the insurance company was given as the addressee instead of the agency. This letter was unclaimed and returned to the attorney. He then notified the finance company as follows: "On July 7th, you wrote Mr. Walker that this claim should be taken up with the insurance carrier involved. A letter written by me to the address shown on the policy has been returned. Unless you can put me in touch with the company at once and some adjustment can be made of this loss, it will be necessary for Ethel to sue American Fidelity Insurance Company."

The finance company, which had received part of the premium in the first instance as its commission in selling the policy to appellee, merely replied to the attorney that they thought an American Fidelity Insurance Company policy had been mailed to appellee. We do not reach the point, however, as to whether the finance company was acting as agent for the insurance company, because Walker's testimony was sufficient to make a jury question as to the insurance company's being notified directly.

The insurance company did not acknowledge receipt of the notification, and proof of loss was not furnished within the 60 day period as provided by the policy; but, in the circumstances, the company is not in a position to declare a forfeiture by reason of the failure of the policyholder to furnish proof of loss. On the subject of acts constituting waiver of proof of loss, it is said in Appleman's *Insurance Law and Practice,* Volume 5, § 3633: "It has been stated that unless there is a bona fide attempt by the company to adjust a loss, there is a refusal to pay. Therefore, the mere effect of silence or inaction might be sufficient to excuse compliance."

In *Ward* v. *Pacific Fire Insurance Company,* 115 S. C. 53, 104 S. E. 316, it is said: "While there was no express or unequivocal denial of liability during the period of time prescribed in the policy within which proofs of loss were to be and might have been furnished, yet defendant's silence, in the light of facts and circumstances, clearly warranted the inference that liability was and would be denied, as it was in fact denied, and plaintiff was warranted in so believing and in acting accordingly. . . . The company received the notice of loss in due time, and, in fairness, it should have notified plaintiff that he must furnish proofs of loss, as required by the policy, if it intended to pay the loss."

In the case at bar, the court, sitting as a jury, found from substantial evidence that the company received notice of the loss. Having received such notice, and failing to acknowledge it or request proofs of loss, the company

could not declare a forfeiture because proofs of loss were not furnished.

As to the value of the car, Ben Few, Jr., an expert, testified that in his opinion the automobile was worth somewhere between $695.00 and $795.00. There was no other testimony on evaluation. The testimony given by Few was substantial evidence of a value of $700.00.

Affirmed.

Justices McFADDIN and GEORGE ROSE SMITH dissent.

ED. F. McFADDIN, Justice (dissenting). I am of the firm opinion that the judgment in this case must be reversed because of the failure of the insured (appellee) to file proof of loss. It is not claimed that a proof of loss was filed; and I can find no facts making a case of waiver.

The policy sued on here provided:

"1. Insured's Duties When Loss Occurs. When loss occurs, the insured shall . . . (c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the insured setting forth the interest of the insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property."

We have held somewhat similar provisions in insurance policies to be valid. One of the most recent cases is that of *Cook. Comm. v. U. S. F. & G. Co..* 216 Ark. 743, 227 S. W. 2d 135, in which Mr. Justice Leflar, speaking for a unanimous Court, said:

"Our holding is that, assuming that the plaintiff has rights under the contract, he still cannot recover because he has not complied with the proof of loss requirement in the contract.

"The proof of loss clause was a valid part of the insurance contract. Similar clauses have been many times sustained and enforced in this court. *Teutonia Ins. Co.* v. *Johnson,* 72 Ark. 484, 82 S. W. 840; *New York Life Ins. Co.* v. *Moose,* 190 Ark. 161, 78 S. W. 2d 64; *Home Life Ins. Co.* v. *Swaim,* 200 Ark. 819, 142 S. W. 2d 209; *Brotherhood of Railroad Trainmen* v. *Drake,* 204 Ark. 964, 165 S. W. 2d 947. The insurance company's right to rely upon non-compliance with the clause is not waived by a general denial of liability asserted by the company after the period for filing a proof of loss has expired. *Smith* v. *American National Ins. Co.,* 111 Ark. 32, 162 S. W. 772; *Illinois Bankers Life Assn.* v. *Byassee,* 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379. The clause is a part of the contract under which plaintiff claims, and he cannot ignore it in making his claim."

In the case at bar the majority opinion does not claim that any proof of loss was furnished; rather the majority says the proof of loss was waived. And how was it waived? The majority says the proof of loss was waived because the insurance company remained silent! ! ! Just why silence would be a waiver is too difficult for me to understand.

We have held that a denial of liability (within the time for filing proof of loss) is a waiver; we have held that sending blanks to the insured is a waiver of the time requirement; we have held that retaining the proof of loss is a waiver of its defects; we have held that questioning any attempted proof of loss is a waiver of its defects;[1] now we are holding that the failure to do anything is a waiver of proof of loss. Thus the insurance company is really "between the rock and the hard place": heretofore if the insurance company answered the letter and did anything at all, such was a waiver; and now if the insurance company does not do anything, it is a waiver. In short, the proof of loss requirement in an insurance contract is just about entirely eliminated by judicial *destruction!*

---

[1] Cases to sustain the foregoing statements regarding waiver are collected in West's Arkansas Digest, "Insurance", § 557-561, inc.

So far as I can find, the statement quoted in the majority opinion from Appleton on "Insurance", (Vol. 5, § 3633) is based entirely on the South Carolina case of *Ward* v. *Pacific Fire Ins. Co.,* 115 S. C. 53, 104 S. E. 316. I submit that the facts in that case differentiate it from the facts in the case at bar. A study of the South Carolina case discloses that the fire loss occurred March 31, 1916; and within three days the defendant insurance company was notified. On May 8th, the insurance agent forwarded a letter to the company; on July 21st the insured's attorney wrote the company inquiring about the matter; and then on July 28th the insurance company wrote the attorney this letter: "We have for acknowledgment your favor of the 21st inst. under above loss, and beg to advise that the matter has had our attention"; and on the letter there was the pencil notation: "Having attention". When the suit was filed in January, 1917, the company claimed, *inter alia,* that no proof of loss had been filed. This claim was held to be without merit probably also because the South Carolina Court holds that denial of liability *at the time of the trial* is a waiver of the proof of loss. (See *McBryde* v. *Ins. Co.,* 55 S. C. 589, 33 S. E. 729, 74 Am. St. Rep. 769.)

Our cases hold that denial of liability at the time of the trial *is not a waiver of proof of loss.* So the South Carolina case is not based on a line of authorities consonant with our own. Furthermore, in the South Carolina case, the insurance company lulled the plaintiff and his attorney into a feeling of safety by advising them that the matter was "having attention". We find no such "lulling" in the case at bar; so I submit that the South Carolina case is not a good authority on which to base the holding of waiver that the majority is making in the case at bar.

For the reasons herein stated, I respectfully dissent.