17483

AMERICAN MUTUAL FIRE INSURANCE COMPANY, Appellant,
v. Fred GREEN, Respondent

(106 S. E. (2d) 265)

*Messrs. O'Bryan & O'Bryan,* of Kingstree, and *Hagood, Rivers & Young,* of Charleston, *for Appellant,*

*Messrs. Shuler & Harrell,* of Kingstree, and *Smith & Moore,* of Georgetown, *for Respondent,* 

December 10, 1958.

OXNER, Justice.

The question presented by this appeal is whether the insurer waived, or is estopped to assert, noncompliance by the insured with a policy provision requiring the filing of written proof of loss "within sixty days after the loss."

On January 6, 1956, appellant, American Mutual Fire Insurance Company, insured against loss or damage by fire or lightning, to the extent of $10,000.00, a building located near the town of Kingstree, Williamsburg County, owned by respondent and used as an undertaking establishment. The Company further insured the contents of said building to the extent of $3,000.00. Attached to the policy was a standard mortgagee clause, payable to the Exchange Bank of Kingstree, which held two mortgages on the property aggregating the principal amount of $10,000.00. On October 16, 1956, while the policy was in force, the building and most of the contents were destroyed by fire. It is admitted that the building was a total loss but there was a dispute as to the value of the personal property destroyed.

After the fire Fred Green failed to pay the mortgage debt and on January 22, 1957, the Insurance Company, as permitted by the policy, paid to the Exchange Bank of Kingstree the sum of $10,122.50, representing the principal and interest due on the two mortgages, and took an assignment of said mortgages from the Bank.

On February 14, 1957, this action was brought by the Fire Insurance Company to foreclose the two mortgages above mentioned. Joined as defendants along with Fred Green were certain parties who had or claimed liens on the property junior to that of the mortgages. In his answer Fred Green admitted the execution of the mortgages and by way of counterclaim sought judgment against the Insurance Company for $13,000.00, the amount he claimed to be due as a loss under the policy. By way of reply the Insurance Company admitted the issuance of the policy but denied liability upon the grounds, (1) that the building, in violation of a policy provision, had been "vacant or unoccupied beyond a period of sixty consecutive days" immediately prior to the loss, and (2) that the insured had failed to furnish written proof of loss within sixty days after the fire as required by the policy.

The case was tried at the March, 1958, term of Court for Williamsburg County. At the conclusion of the testimony, the Insurance Company made a motion for a directed verdict upon the grounds (1) that no proof of loss was filed within sixty days after the fire and (2) that the undisputed testimony showed that the building was vacant and unoccupied for a period of more than sixty days prior to the fire. In refusing the motion, the trial Judge held that by denying liability on a ground not related to proof of loss, the Company waived the provision of the policy requiring proof of loss to be filed within sixty days, and that the testimony was conflicting on the issue raised by the second ground. Accordingly, the Court submitted to the jury the question as to whether the building was vacant or unoccupied for a period of more than sixty days prior to the fire and instructed

the jury that if this issue was answered favorably to the insured, they should further determine the value of the personal property lost in the fire. The jury found that the building had not been unoccupied or vacant for a period of more than sixty days prior to the fire, and fixed the value of the personal property destroyed at $3,000.00. The Insurance Company made a motion for judgment *non obstante veredicto* or, in the alternative, for a new trial, which was refused.

The record contains four exceptions. One has been abandoned. The other three raise substantially one question, namely: Has the Company waived the admitted failure of the insured to file proof of loss within sixty days after the fire?

Insured, Fred Green, is a Negro with apparently little business experience. Immediately after the fire, which occurred about midnight, he got in touch with Jack Edwards, of the Edwards Insurance Agency of Kingstree, through whom the policy was written. Edwards in turn promptly notified an adjustment firm at Sumter which on the day following the fire sent one of their adjusters, Edward S. Ervin, to Kingstree to investigate the loss. Green's testimony as to his conversation with Ervin on that visit is as follows:

"Q. * * * Did you have any conversation with Mr. Ervin?

"A. Yes, sir, after Mr. Ervin went through, looked around, I asked him could I, go ahead and take care of some of the things around there, where I thought I could take care, because I know they would be destroyed, and his answer to me was no, don't you move nothing, don't worry with a thing around here until you hear from me. He said I will let you hear from me.

"Q. Did you ever hear from him?

"A. No, sir, never heard a word from him. I went on back and told Mr. Edwards what he said, and Mr. Edwards said just as soon as he let me know I will call you, I imagine

it will be in a day or two, and I have not heard from them from that day until today."

On November 23, 1956, at the request of Ervin, Green signed a "non-waiver agreement." Nothing further occurred until December 28, 1956, when the claims manager of the Insurance Company came from Charleston to Kingstree and denied liability on the ground "that the property was unoccupied at the time of the fire." Thereafter on January 29, 1957, a sworn, written proof of loss was filed with the Company. This action was instituted a few weeks later.

Ervin, the adjuster, did not testify and there is no explanation of the failure of the Company to offer him as a witness. The testimony of Green as to his conversation with Ervin is uncontradicted.

The general rule is that an insurer, by denying liability under a property insurance policy on grounds not related to the proof of loss, waives the provision of the policy requiring proof of loss to be filed within a specified time after the loss. Annotation, 49 A. L. R. (2d) 161. Among our decisions applying this rule are: *Stickley v. Mobile Insurance Co.,* 37 S. C. 56, 16 S. E. 280, 283, *Wilson v. Commercial Union Assurance Co.,* 51 S. C. 540, 29 S. E. 245; *McBryde v. South Carolina Mutual Insurance Co.,* 55 S. C. 589, 33 S. E. 729; *Madden & Co. v. Phoenix Insurance Co.,* 70 S. C. 295, 49 S. E. 855; *Ward v. Pacific Fire Insurance Co.,* 115 S. C. 53, 104 S. E. 316. As shown in the foregoing annotation, the rule has been uniformly applied in cases where the denial of liability was made during the period prescribed by the policy for the presentation of proofs of loss. But there is a split of authority on the question whether a denial of liability made after the expiration of such period, on grounds not related to such proof, constitutes a waiver of compliance with the policy provision. This conflict of authority is largely the result of a difference of opinion between various jurisdictions as to whether waiver must be based on some element of estoppel. In most jurisdictions where a waiver may be created by acts or declara-

tions insufficient to create a technical estoppel, it is held that waiver may be based on denial after the period for presentation of proof of loss. One of the leading cases adhering to this view is *Miller, Inc. v. Northern Insurance Company of New York,* 3 Terry 523, 42 Del. 523, 39 A. (2d) 23, 25. The Court there said:

"It is generally agreed that denial of liability, or other act of conduct on the part of the insurer, within the prescribed time for furnishing proof of loss, evidencing an intention to forego the right, dispenses with the necessity of such proof. Logically, an insurer may waive its right to insist upon a strict compliance with the proof of loss provision after the expiration of the stipulated period. Certainly, in such case, the insured has not been misled to his detriment by anything the insurer has said or done, and the forfeiture cannot be saved under any conception of estoppel. But, if the insurer, when demand is made for indemnity, says nothing as to the failure of the insured to render proof of loss within the prescribed time, but claims some other defense, it may fairly be inferred that the insurer has renounced its right to avail itself of the provision made for its benefit; and the same inference may be drawn from other signicant conduct on the part of the insurer. It is a reasonable doctrine that an insurer be required promptly to disclose its purpose if it intends to rest its defense on a technical ground, a default which neither alters the risk nor increases the liability; and if it asserts other grounds of defense, or chooses to treat with the insured, it must assume the risk of having its conduct construed as an abandonment of other less meritorious defenses. The question of waiver resolves itself into whether precise observance of the contractual right will be insisted on, and there seems to be no sound reason why strict compliance may not be waived after the expiration of the period prescribed for filing proof of loss."

In the decisions of this Court heretofore cited there is little, if any, discussion of the difference between the denial of liability before and after the period pre-

scribed for filing proof of loss. In the instant case, we need not decide whether waiver may be based alone on the fact of denial of liability after the expiration of the time for filing proof of loss, for here in addition to a denial of liability, we have conduct on the part of the adjuster immediately after the fire reasonably calculated to lull the insured into inaction. His testimony, heretofore quoted, is substantially to the effect that on the day after the fire the adjuster told him at the scene not to remove any of the salvage "until you hear from me", and "I will let you hear from me." From these statements the insured had a right to assume, until notified otherwise, that his claim would be considered on the merits without requiring formal proof of loss. Not only is the foregoing testimony uncontradicted but the unexplained failure of the Company to call the adjuster as a witness warrants the inference that his testimony, if presented, would have been unfavorable to its contention. *Wingate v. Postal Telegraph & Cable Co.,* 204 S. C. 520, 30 S. E. (2d) 307; *Brock v. Carolina Scenic Stages,* 219 S. C. 360, 65 S. E. (2d) 468. Nothing further was heard from the Company until December 28, 1956, when the claims manager denied liability upon the ground that the property was unoccupied at the time of the fire. So far as the record discloses, the first notice that the insured had that the Company was insisting on a proof of loss was when the pleadings in this action were filed. From a consideration of the entire record, it is perfectly obvious that no proof of loss would have availed the insured, whether filed before or after the required time named in the policy.

Our conclusion that the conduct of the Company was such as to excuse compliance with the policy provision as to filing proof of loss finds support in *Ward v. Pacific Fire Insurance Co., supra,* 115 S. C. 53, 104 S. E. 316, 317. The loss there occurred on March 31, 1916. Insured promptly notified the local agent through whom the policy was issued and asked him what should be done to obtain payment. This agent replied that it would only be

necessary for insured to sign a letter which the agent had prepared notifying the Company of the loss. This was done and on May 8th this agent wrote the Company enclosing the letter of insured. There was no reply either to the insured or to the agent, but the Company sent an inspector to investigate the fire. Thereafter the insured employed an attorney who advised him to take the matter up with another agent of the Company. On July 21st the last named agent wrote the Company stating that insured had employed an attorney and desired to know "if the loss had been reported and was being adjusted." The Company replied on July 28th that it was giving the matter attention. Hearing nothing further from the Company, suit was brought in January, 1917. The Company defended on the ground that proof of loss had not been furnished as required by the policy and on several other grounds. Among other questions raised on appeal, it was contended that the Court should have directed a verdict on the ground of non-compliance with the policy provision as to proof of loss. This contention was not sustained. After stating that "the authorities generally agree that a denial of liability will preclude the necessity of furnishing proofs of loss, as required in the policy", the Court said:

"While there was no express or unequivocal denial of liability during the period of time prescribed in the policy within which proofs of loss were to be and might have been furnished, yet defendant's silence, in the light of facts and circumstances, clearly warranted the inference that liability was and would be denied, as it was in fact denied, and plaintiff was warranted in so believing and in acting accordingly. He did what defendant's agent told him to do, and defendant's agent told him that he need do nothing more. The company received the notice of loss in due time, and, in fairness, it should have notified plaintiff that he must furnish proofs of loss, as required by the policy, if it intended to pay the loss. But it cannot be allowed by its own conduct and the conduct of its agent to lull the plaintiff into inaction; and then assert his inaction as a ground of defense.

"The courts are generally inclined to hold the insurer to the performance of his contract, and to prevent, as far as it can be done, in reason and justice, an unfair reliance on his part upon technical conditions of the contract to defeat it, because the courts lean against forfeitures. In respect of such conditions, a law of waiver or estoppel, which may be said to be peculiar to insurance contracts, has grown up. If and when they are of substantial merit, they will be enforced; but the courts are not inclined to allow them to operate merely as snares for the unwary."

The above case was cited with approval and followed in the recent case of *American Fidelity Fire Insurance Company v. Winfield*, 225 Ark. 139, 279 S. W. (2d) 836. Also, see annotation in 49 A. L. R. (2d) beginning on page 87.

In seeking to distinguish the *Ward case*, appellant says it was decided prior to the enactment of Section 37-166 of the 1952 Code. This section provides, in substance, that when an insurer fails to furnish a blank for proof of loss within twenty days after being notified of the loss, "the claimant shall be deemed to have complied with the requirements of the policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss written proof covering the occurrence, character and extent of the loss for which claim is made." We do not think this statute is of any aid to appellant. The purpose was not to prevent a waiver or an estoppel by the insurer but to provide a method by which the insured could file proof of loss when the Company's form was unavailable.

It is further argued that the "non-waiver agreement" executed by the insured averts the operation of the claimed waiver and estoppel. We do not think so. This agreement expressly provides that any action taken by the Company "in investigating the cause of loss, or investigating and ascertaining the amount of sound value, or the amount of loss and damage" shall not waive any of the rights of the parties. It is further stipulated therein: "The intent of this agreement is to preserve the rights of all par-

ties hereto, and to permit an investigation of the cause of loss, the investigation and ascertainment of the amount of sound value, or the amount of loss and damage, or any of them without regard to the liability of the hereinafter named Insurance Company or Companies." Insured is not attempting to support waiver or estoppel by any action of the Company taken during the investigation, but by the conduct of the Company prior to the execution of the agreement and the action of the Company after the investigation was completed. As stated in *G. M. S. Realty Corporation v. Girard Fire & Marine Insurance Co.*, Del., 8 Terry 216, 89 A. (2d) 857, 859: "These agreements are always construed strictly against the insurer and will not be extended so as to prevent a waiver by acts not within their terms." Also, see *Houseman v. Globe & Rutgers Fire Insurance Co.*, 78 W. Va. 586, 89 S. E. 269.

In conclusion, it should be stated that there was no contention in the Court below that the question of waiver or estoppel should be submitted to the jury. On the contrary, the Company contended that it was entitled to a directed verdict for failure on the part of the insured to file proof of loss within sixty days. The insured contended that he was entitled to a peremptory instruction as to this phase of the case. The trial Judge accepted insured's view. There is no exception to the effect that waiver and estoppel presented a jury issue, nor is that position taken in either of the briefs. We might add, however, that even if this question had been raised, we doubt whether it could be sustained. The facts relating to this issue are undisputed. Usually, the question of waiver or estoppel is a matter for the jury but when the facts are undisputed and warrant only one reasonable inference, waiver or estoppel becomes a matter of law. *Padgett v. Cunningham*, 156 S. C. 356,153 S. E. 280; *Farmers' & Merchants' Bank v. Peoples' First National Bank of Charleston*, 161 S. C. 286, 159 S. E. 617. And it has been so held with reference to waiver of proof of loss. *G. M. S. Realty Corporation v. Girard Fire & Marine Insurance Co., supra* Del., 8 Terry, 216, 89 A. (2d) 857.

It follows from the foregoing that the Court below reached the proper result.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.